ABEL DOWNS AND OTHERS *vs.* WYATT C. MARSH.

Where, upon an order for goods, a part only are sent, the purchaser is not bound to accept them, but if he accepts them he is liable to pay for them in the same manner as if the whole were sent.

And if they in fact come into his hands and use, the law implies a promise to pay for them, independently of the express contract.

And the circumstances may be such as to require the purchaser, if he does not wish to accept the goods sent, to give notice to that effect to the seller.

The defendant ordered a quantity of pumps and pipe-boxes of the plaintiffs, who soon after sent on the pumps by railroad, and a letter inclosing the bill by mail. The bill was made out against the defendant and included the pumps only. The letter was as follows :—" The above pumps we have sent to you by railroad per your order. We should have sent the balance of the order, if we had not received a letter from *W,* who informs us that he has bought your stock and business, and requests us to forward the pumps, but does not say anything about the pipe-boxes. We wish you would say to him that we should like to sell him pipe-boxes ; also that he may deduct 5 per cent from the bill inclosed and remit the money by mail." The defendant received the letter and at once handed it over to *W,* but neither the defendant nor *W* answered it. Held, 1. That the plaintiffs did not by this letter consent to accept *W* as their debtor in the place of the defendant. 2. That the defendant by not answering the letter had accepted the pumps, and was liable for them in the same manner as if the order had been fully complied with.

GENERAL ASSUMPSIT, brought to recover the price of certain pumps claimed by the plaintiffs to have been sold and delivered by them to the defendant. The case was tried to the court on the general issue.

Shortly before the 30th of April, 1851, the defendant had ordered the pumps in question, together with certain other pumps and pipe-boxes, by a letter addressed to the plaintiffs at Seneca Falls, their place of business, the defendant then living at Ware, in the state of Massachusetts. The plaintiffs on the 30th of April sent the pumps in question by railroad, directed to the defendant at Ware, and on the same day sent by mail the following bill and letter.

" SENECA FALLS, April 30th, 1851.

" W. C. Marsh, bought of Downs, Silsby & Gould.

| | | | | |
|---|---|---|---|---|
| 6 | No. 2. C Pumps, | $2.50, . | . | $15.00 |
| 6 | No. 3.    "  ' | 3.00, | . | 18.00 |
| 1 | No. 1. Force Pump, | $10.00, | . | 10.00 |
| | 5 off cash. | . . . | | $43.00 |

" Dear Sir:—The above pumps we have shipped to you, all in good order, by railroad to West Brookfield depot, as per your order, and should have shipped the balance of your order had we not just received a letter from Mr. S. B. Witherell, who informs us that he has bought your stock and is now car-

rying on the business, and requests us to forward some pumps, and that he will remit the amount, but does not want or does not say anything about the pipe-boxes nor deep well pumps which you ordered. We wish you would say to him that we should like to sell him pipe-boxes, and think he will find it much to his interest to keep them; also that he may deduct 5 per cent from the bill inclosed, and remit to us the money by mail. We should have forwarded just the number of pumps he wished us to, had we received his letter before the pumps were marked and put on the boat, but as the within number of pumps were all shipped, we thought best to let them go forward, as he will undoubtedly want more before fall. Hoping that all will be found satisfactory, we remain your obedient servants, DOWNS, SILSBY & GOULD."

The other pumps and the pipe-boxes were never sent to the defendant, and no reason appeared why they were not sent except that stated in the letter. The letter was duly received by the defendant and was handed over by him to Witherell, but neither the defendant nor Witherell ever answered it. The court on these facts ruled that the neglect of the defendant to reply to the letter was a waiver of his right to make the objection that all the goods ordered were not sent, and was sufficient evidence of acceptance to make him liable for the pumps sent.

The court having rendered judgment for the plaintiffs the defendant moved for a new trial.

*Dutton* and *Hollister*, in support of the motion.

The goods sent not being all that were ordered, the defendant was not bound to accept them; and even if he had accepted them he would not be liable for them if he was willing to accept the remainder. *Wright* v. *Barnes*, 4 Conn., 518. *Bruce* v. *Pearson*, 3 Johns., 534. *Downer* v. *Thompson*, 2 Hill, 137. *Hague* v. *Porter*, 3 id., 141. *Bowker* v. *Hoyt*, 18 Pick., 555. Chitty on Cont., 4 Am. ed., 352, note 2. *Atkinson* v. *Bell*, 8 Barn. & Cress., 277. *Walker* v. *Dixon*, 2 Stark., 281. The defendant has done nothing which constitutes in the circumstances a legal waiver of his rights, or

which should preclude him from denying the acceptance of the goods. His neglect to answer the plaintiffs' letter does not render him chargeable for the goods. The letter was not intended to charge him with the goods, but Witherell, and the discount of 5 per cent for cash was intended for the latter. The omission to send the other pumps and the pipe-boxes was owing to the fact that Witherell did not want them; showing that the goods were regarded by the plaintiff as sent on Witherell's order and not on the defendant's. The defendant therefore did his whole duty in delivering the letter with the goods to Witherell. In doing this, he was acting in precise accordance with the expectations of the plaintiffs as shown by the letter.

*Hawley* and *Ives*, contra.

The neglect of the defendant to reply to the letter of the plaintiffs, was sufficient evidence of acceptance to make him liable for the goods sent. The bill which accompanied the letter was made out against the defendant, and the letter states that the goods were sent on his order. So far as it authorized the defendant to let Witherell have the goods on the plaintiffs' account, it was only on his paying cash for them. The defendant was clearly bound to notify the plaintiffs at once, if he declined to accept the goods or required the other goods ordered to be sent. *Corning* v. *Colt*, 5 Wend., 253. *Cairnes* v. *Bleecker*, 12 Johns., 300. *Flagg* v. *Dryden*, 7 Pick., 52. *Bowker* v. *Hoyt*, 18 id., 555. *Milner* v. *Tucker*, 1 Car. & P., 15. *Percival* v. *Blake*, 2 id., 514. *Sherman* v. *Sherman*, 2 Vern., 276. 1 Greenl. Ev., § 197.

SANFORD, J. This is an action of assumpsit, in which the plaintiffs claim to recover for goods sold. The defendant, living at Ware, ordered the pumps for which the suit was brought, together with certain pipe-boxes and deep well pumps, to be sent to him by the plaintiffs, pump manufacturers at Seneca Falls. The plaintiffs put up and shipped the pumps sued for, as directed in the order, (but not the pipe-boxes or deep well pumps,) and forwarded to the defendant a regular

Downs *v.* Marsh.

bill of parcels of the goods sent, together with a letter informing him of the fact of their shipment " to him," and stating the reason of their omission to send the residue of the order. The bill and letter were duly received by the defendant, but whether the goods were in fact received by him or not, the record does not inform us.

The defendant gave the plaintiffs no notice of his refusal to accept the pumps forwarded, and no reply was made to the plaintiffs' letter ; and after the lapse of five years this suit was brought.

Now it is conceded that the whole parcel of goods ordered not having been sent, the property in those actually forwarded did not vest in the defendant upon their delivery to the carrier, nor was the defendant bound to accept them upon their arrival at the place of their destination. To bind the purchaser to pay for goods forwarded upon his order, the terms of the order must be complied with ; and when only part of the goods ordered have been forwarded, there is no express contract between the parties upon which an action can be maintained for the price of them, and no implied promise to pay for them arises until the purchaser has received them. But if the goods in fact come to the buyer's hands and use, then the law implies a promise to pay for them, and an action for goods sold and delivered may be maintained thereon. *Corning* v. *Colt*, 5 Wend., 253.

The inquiry in this case therefore was, whether the defendant had accepted these goods or not. He had a right to reject them, because the terms of his order had not been complied with, but he might waive the exercise of that right, and if he did, he would be liable for the goods actually received in the same manner as if his whole order had been supplied. And if the goods actually came to his use, then he would be liable upon an implied promise raised by law to pay for them, and in either case this action would be sustainable.

The defendant's omission to reply to the plaintiffs' letter of the 30th of April, was evidence of an acceptance of the goods, and amounted to a waiver of all objections to them on account of the plaintiffs' partial compliance with the order. The

plaintiffs' letter and the bill of parcels accompanying it, were duly received. These papers informed the defendant that the goods sued for had been shipped *to him, pursuant to his order*, in his name and upon his credit, and also informed him why the residue of the goods ordered were not sent; and from the defendant's silence the plaintiffs had a right to infer that he was satisfied with the shipment, that he waived all objections to it, and received the goods as if the order had been filled in exact accordance with its terms, and to conduct accordingly.

If it had been proved by direct evidence that the goods actually came to the defendant's use, that would have been conclusive proof of a waiver of all objections. *Corning* v. *Colt*, 5 Wend., 256. The defendant's silence upon the receipt of the plaintiffs' letter and bill of parcels was evidence of another kind indeed, but equally satisfactory, if not absolutely conclusive. 1 Greenl. Ev., § 197. *Willis* v. *Jernegan*, 2 Atk., 252. *Murray* v. *Toland*, 3 Johns. Cha., 575.

The reason assigned by the plaintiffs for their omission to forward all the goods ordered was no excuse for such omission, and in no degree affected the defendant's rights. But the plaintiffs' letter gave to the defendant no authority to hand over the goods actually forwarded to Witherell but upon the terms and subject to the condition in that letter prescribed—to wit, that Witherell should remit the money for them by mail. It contained no intimation of the plaintiffs' willingness to accept Witherell for their debtor instead of the defendant. The defendant could have saved himself from liability to pay for these goods by rejecting them absolutely, and then, either giving notice of such rejection, or turning them over to Witherell upon the terms by the plaintiffs prescribed; but in no other way. He adopted neither of these courses. He indeed gave the plaintiffs' letter to Witherell and thus evinced his willingness that the latter should have the goods, but, until Witherell remitted the money as required by the plaintiffs, their right to look to the defendant as their debtor remained unimpaired.

We think the rulings of the superior court were right, and that a new trial ought to be refused.

In this opinion the other judges concurred.

New trial not advised.