Greenhood v. Keator.

JACOB GREENHOOD
v.
JERMAN S. KEATOR.

|  9  | 183 |
| 107 |  33 |

PRINCIPAL AND AGENT—PAYMENT TO AGENT.—Where an agent is em-
ployed merely to solicit orders, the orders being sent to the office of the prin-
cipal subject to the approval of the latter, this fact alone sufficiently shows
that the agent had no power to make collections, and a payment to him is no
defense to an action by the principal to recover the amount of the sale from
the vendee.

APPEAL from the Circuit Court of Rock Island county; the
Hon. A. A. SMITH, Judge, presiding.   Opinion filed October
11, 1881.

Messrs. LEWIS & LEWIS, for appellant; that an agent em-
ployed to solicit orders has no implied authority to collect pay-
ment,   cited Story on Agency, § 98 ;   Ewell's Evans on
Agency, 119 ; Paley on Agency, 274 ; 1 Pothier on Obliga-
tions, 395; Abrahams v. Weiller, 87 Ill. 179; Tew v. Labiche,
4 La. An. 526 ; Higgins v. Moore, 34 N. Y. 417 ; Seiple v.

Irwin, 30 Pa. St. 513 ; Law v. Stokes, 32 N. J. Law, 249 ; Mynn v. Joliff, 1 M. and Rob. 326 ; Baring v. Corrie, 1 Barn. Ald. 138 ; Clark v. Smith, 88 Ill. 298 ; Butler v. Dorman, 68 Mo. 298.

Statements of an agent to be received against the principal, must be concerning the subject matter, and made at the very time of the contract: Story on Agency, § 134; 1 Greenl'f's Ev. § 113 ; Am. Fur Co. v. U. S. 2 Pet. 358 ; Roberts v. Burk, 12 Am. Decisions, 325.

An agent's statements as to the extent of his authority are not admissible as evidence against his principal : Story on Agency, § 136; Starkie on Ev. 42 ; Whiteside v. Margarel, 51 Ill. 507; Thallheimer v. Brinkerhoff, 4 Wend. 394; Brigham v. Peters, 1 Gray, 139.

Merely local usage cannot be shown to vary an established rule of law:  Wilson v. Bauman, 80 Ill. 493 ; Eager v. Atlas Ins. Co. 14 Pick. 141; Warren v. Franklin Ins. Co. 104 Mass. 518; Horner v. Dorr, 10 Mass. 26; Barnard v. Kellogg, 10 Wall. 383; Higgins v. Moore, 34 N. Y. 417.

Messrs. SWEENEY, JACKSON & WALKER, for appellee; cited Murphy v. Ottenheimer, 84 Ill. 42; Harris v. Simmerman, 81 Ill. 413.

LACEY, J.  This was a suit by appellant against appellee, brought for the purpose of recovering sixty  dollars, the price of a safe, sold by the former to the latter.

Appellant was a safe-dealer in the city of Chicago, and the appellee was about starting a hotel in the city of Moline, Ill.

It appears from the evidence, and it is not disputed, that on the 12th day of Nov. 1879, the appellant employed one George W. Berkley as an agent or broker to travel over the country and take orders, and sell his safe subject to the approval of appellant.  When the order was sent in, blank orders and drawings and other papers were placed in the hands of Berkley. The order contained a clause that the order was subject to the approval of the appellant.  The authority of Berkley was expressly limited to making sales of safes; he was only to obtain or-

Greenhood v. Keator.

ders to be sent to appellant subject to his acceptance, and to be filled by him. Berkley was not authorized to make collections; the plaintiff was to make his own collections. In pursuance of this arrangement Berkley started out on his employment, and on or about the 15th Nov., 1879, made sale of one of the safes to appellee for $60, subject to the approval of the appellant, the appellee signing an order for the safe, directed to the appellant at Chicago, in which it was expressly provided that the order was subject to the appellant's approval, and the order was sent to him in due course of mail. When the order reached appellant at Chicago, it was approved, and the safe duly shipped to appellee and received by him. On the date of the shipment, Nov. 17, A. D. 1879, a letter was sent accompanying it asking for a remittance for the amount. On the 25th of the same month the appellee sent a letter to appellant, answering that the payment for the safe was to be in thirty days, which he considered cash.

On the 26th of the same month the appellant answered that the order should have stated that it was to be 30 days, but according to appellee's demand, asked him to remit to them in thirty days after the date of the receipt of the safe. The thirty days having expired, the appellants drew a sight draft on appellee and sent it forward for collection, to which the appellee replied that he had paid for the safe on the 13th of December of the same year, to G. W. Berkley, the appellant's agent, from whom he had purchased the safe. The appellee finally refused any other payment, and this suit was brought to recover the purchase price of the safe. At the time of the payment to Berkley he had been out of appellant's employment about two weeks. The only question is, had Berkley the power to collect the money? If he had, then the judgment is correct; if he had not, then the plaintiff should recover.

We think, under the circumstances, Berkley had no power to collect the money from appellee, and that payment to Berkley by appellee did not discharge the debt due appellant.

It is claimed by appellee that appellant permitted Berkley to hold himself out to appellant as having the power to col-

lect as well as to solicit orders. We discover nothing of the kind in the testimony. The orders themselves furnished to appellee, and the one signed and sent to appellant, showed in themselves the true character of Berkley's agency. They showed that appellant kept the power to make the sale in his own hands; that the only power Berkley had was to take a proposition, or make a conditional sale. Appellee could see that he should not pay to Berkley, because the sale might not be approved. But had the sale been absolute and the goods to be shipped by appellant, there would be no power implied in Berkley to collect. No matter what Berkely might have stated, as to his power to collect, at the time he received the money, the appellant was not responsible for that. There had been no previous course of dealing sanctioned by appellant to in any way lead appellee to think that Berkley had the power to collect as well as solicit orders.

The power to "solicit" and take contracts does not carry with it the power to collect. No prudent man could reasonably infer from the facts disclosed in evidence, that Berkley had the power to collect the price of the safe. The rule here recognized is well laid down in the following cases. Abrahams v. Weiller, 87 Ill. 179; Clark v. Smith, 88 Ill. 298.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.