M. E. SMITH, G. M. TIBBS and W. D. SMITH, Co-
PARTNERS, APPELLANTS, v. PETER A. DROUBAY,
RESPONDENT.

FINDINGS—EVIDENCE TO SUPPORT—NOT DISTURBED BY APPELLATE
COURT. PRINCIPAL AND AGENT. POWERS OF AGENT —SALES
AGENT—POWER TO FIX TIME OF DELIVERY. ORDER FOR GOODS
—CONDITIONAL CONTRACT—ACCEPTANCE. AGENT FOR SALE OF
GOODS—WHEN CONSIDERED GENERAL AGENT—POWER TO BIND
PRINCIPAL—FAILURE OF PRINCIPAL TO COMPLY WITH CONTRACT—
DAMAGES—ACCEPTANCE AND PAYMENT—WHEN NOT A WAIVER OF
BREACH OF CONTRACT.

*Findings—Evidence to Support—Not Disturbed by Appellate Court.*
Where there is evidence in the record to support the findings,
they will not be disturbed by the appellate court although
there may be a conflict in the evidence.

*Principal and Agent—Powers of Agent.*
B., being the agent and representative of plaintiffs, in this
state, and defendant having had no notice of any limitation
or restriction of his authority, must be regarded as having all
powers incident to his employment, and defendant was
entitled to deal with him on that basis.

*Sales Agent—Power to Fix Time of Delivery.*
Where the power to take an order, or make a contract of sale is
incident to an agent's employment, the power to fix time of
delivery is also incident.

*Order for Goods—Conditional Contract—Acceptance.*
Although an order for goods taken by a salesman is only a con-
ditional contract not binding on his principal until accept-
ance, yet acceptance, by shipping a portion of the goods,
without notice of a refusal to comply with some of the terms
of the sale, is an acceptance of the contract as a whole.

*Agent for Sale of Goods — When Considered General Agent — Power to Bind Principal—Failure of Principal to Comply with Contract—Damages.*

   An agent for the sale of goods, with private limitations and restrictions imposed upon him by his employer, must nevertheless be regarded as a general agent, as to third parties with whom he deals without notice of the restrictions on his authority, and when his principal accepts a contract made within the apparent scope of the agent's powers the principal is bound by all the conditions of such contract, and a failure to comply therewith will render such principal liable for damages.

*Acceptance and Payment — When Not a Waiver of Breach of Contract.*

   The acceptance of, and payment for, a portion of goods delivered prior to a breach of a contract for sale of goods is not a waiver of any claim for damages for a subsequent breach.

MINER, J., dissenting.

   Where the uncontradicted evidence given in the case shows conclusively that the alleged agent was merely a drummer for plaintiff, with authority only to take orders for goods, and submit such orders to the plaintiff for approval or rejection, and was wholly without authority to make contracts to sell goods, or to fix the time for the delivery thereof, such authority creates no power in the agent to bind the principal outside the scope of his authority. The authority to take orders, only, did not create a general agency.

   When the findings show an agency to sell and deliver goods and the uncontradicted proof shows no such authority or agency, such findings are not supported by the testimony. The acts and declarations of one who assumes to be acting as the agent of another, are not evidence against the principal until the fact of such agency is established. The drummers authority cannot be proven by his own unsworn statements.

(Decided November 14, 1899.)
(Re-hearing denied.)

Appeal from the Third District Court, Tooele County, Hon: A. N. Cherry, *Judge*.

Action upon account for goods, sold and delivered. Defendant cross complained and alleged damages by reason of the failure and neglect of plaintiff to ship and deliver the goods in accordance with the terms of purchase.

At the trial the court found the issue raised by the cross complaint in favor of the defendant, awarded him a certain sum in damages, off-set the same against the amount due the plaintiffs and rendered judgment in their favor for the balance. From this judgment plaintiffs appealed. *Affirmed*.

*Messrs. Booth, Lee & Ritchie* and *William S. Marks, Esq.*, for appellants.

The law defining the authority of commercial travelers is thus laid down:

"The scope of commercial traveler's authority is well defined, and, as a general rule, extends only to the soliciting of orders for goods." 6 Am. & Eng. Ency. of Law, 2 ed., 224, and authorities there cited. *Law* v. *Stokes*, 32 N. J. L. 249; *McKindly* v. *Dunham*, 55 Wis. 515; *Clark* v. *Smith*, 88 Ill. 298.

"The purchaser from a commercial agent is bound to ascertain the agent's powers and in the absence of actual authority, the agent's statement that he had authority, is not binding upon the principals. *The purchaser has no right to act on anything that did not proceed from the principals*, either as actual authority or in some form of binding admission."

6 Am. & Eng. Ency. of Law 224, note 4, citing the following cases: *Holland* v. *Van Beil*, 89 Ga. 223;

*Greenwood* v. *Keator,* 89 Ill. App. 183; *Kornemann* v. *Monaghan,* 24 Mich. 36; *Chambers* v. *Short,* 79 Mo. 207.

Even though appellants themselves had agreed to deliver the goods in Tooele by August 17, *Droubay waived the condition:*

1. By his letter of Sept. 11.

2. By receiving the goods when they arrived.

3. By appropriating and using them and uttering no complaint as to the alleged delay or damage, which he later discovered he had suffered, when asked to pay the bill.

If the time of delivery was a condition of the sale, he should have refused to receive the goods when they did come. Benj. Sales, (6 Am. Ed.) Secs. 858, 901, 911 and note; 21 Am. & Eng. Ency. 647, p. and note 4.

Under the law applicable to sales in accordance with commercial usage without a special contract, delivery of goods to a common carrier is equivalent to a delivery to the buyer himself. In this case when M. E. Smith & Co., received the order in usual course August 10, 1897, and filled it so far as in their power by delivery of the goods the next day to the P. & M. R. Railroad consigned, as the bill of lading shows, to Peter A. Droubay, they delivered the shipment to him, and if he had any complaint on account of delays, he should have pursued the railroad company. That such is the law governing such sales the authorities all agree. 1 Benj. on Sales, 6 Am. Ed., Secs. 181, 1040; 2 Schouler on Personal Prop., 2 Ed., Sec. 396; 21 Am. & Eng. Ency. of Law 497, and cases cited in note 1, of which the following are a part: *Fragano* v. *Long,* 4 B. & C. 219, 10 E. C. L. 313; *Meredith* v. *Meigh,* 2 E. & B. 364, 75 E. C. L. 363; *Dutton* v. *Solomonson,* 3 B. & P. 582; *King* v. *Meredith,* 2 Camp. 639; *Cork Dis-*

*tilleries Co.* v. *Great Southern, etc., R. Co.,* L. R. 7 H. L. 269; *Wiss* v. *McMahon,* Longf. & T. 192; *Waite* v. *Baker,* 2 Exch. 1; *Dawes* v. *Peck,* 8 T. R. 330; *London, etc., R. Co.* v. *Bartlett,* 7 H. & M. 400; *Johnson* v. *Lancashire, etc., R. Co.,* 3 C. P. Div. 499.

*L. L. Baker, Esq.,* for respondent.

While it may be true in general that a traveling salesman can only take orders, yet it is unquestioned that the principal will be bound by the acts of the salesman within the apparent scope of the agent's authority. 6 Am. & Eng. Ency. of Law, 2 Ed. 224; *Babcock* v. *Delford,* 14 Kan. 313.

To the same effect see *Keith* v. *Herschberg Optical Co.,* 48 Ark. 138; *Talmage* v. *Bierhouse, et al.,* 103 Ind. 270; *Murray* v. *Brooks, et al.,* 41 Iowa, 45; *Mabray et al,* v. *Kelly-Goodfellow Shoe Co.,* 73 Mo. App. 1; Mechem on Agency, Sec. 362; *Greer* v. *First National Bank,* 47 S. W. 1045; *Holt* v. *Schneider, et al,* 77 N. W. 1086.

Did Droubay waive the time feature of the agreement by the acceptance of the goods?

As was said in a similar case, (*Halstead Lumber Co.* v. *Sutton,* 26 Pac. 444):

"It was the duty of the defendants to make the injury as light as possible by taking and using the material upon its arrival." *Detroit Heating & L. Co.* v. *Stevens,* 16 Utah, 177.

BARTCH, C. J.

The plaintiffs, as a co-partnership, under the name of M. E. Smith & Co., were wholesale dry goods dealers in Omaha, Nebraska, and brought this action upon an ac-

count for goods sold and delivered. The defendant, who was a retail merchant in this state, filed a cross-complaint wherein, among other things, it was alleged that the purchase of the goods which caused this controversy, was made August 5, 1897, through the plaintiffs' duly authorized agent and salesman; that at the time of the sale the agent expressly agreed that all of the goods would be delivered to the defendant in Tooele City, Utah, within twelve days from the date of sale; that the goods were not shipped according to agreement, and some of them were never shipped; and that because of the failure and neglect of the plaintiffs to ship and deliver the goods in accordance with the terms of purchase, and of the failure to ship some of them at all, the defendant was damaged in the loss of trade and profits. At the trial the issues raised by the cross-complaint were found substantially in favor of the defendant, and the court awarded him a certain sum in damages, offset the same against the amount due the plaintiffs, and rendered judgment in their favor for the balance. From this judgment the plaintiffs appealed.

The court, among other things, found "That on the 5th day of August, 1897, the plaintiff acting through its agent, W. R. Butler, sold to the defendant goods and merchandise of the value of about $665.00;" also "that it was agreed by the plaintiff's agent W. R. Butler, and the defendant prior to, and at the time said goods and merchandise were sold, that the same would be shipped from Omaha so as to reach Salt Lake City, Utah, for delivery to defendant within twelve days from said date of sale or on or before August 17, 1897; and that said agreement was considered by the parties before the sale, and was an express condition of the contract of sale."

It is contended, on behalf of the appellants, that the

evidence is insufficient to justify these findings of fact. We do not regard this contention as well founded.  Without referring to the testimony in detail, an examination of it shows that there is evidence in the record which supports the findings, and although there is some conflict, still the proof is not such as would warrant this court in interfering, with the action of the trial court, on this point.

It is further insisted, however, that W. R. Butler, who is characterized, in the findings, as the agent of the appellants, had no authority to make a sale, or to make a contract, respecting the time of delivery of the goods, which would bind his principals.

Whatever authority may have been conferred upon him by his principals, the court found "that at all times hereinafter mentioned W. R. Butler, was the duly authorized and acting agent and salesman for M. E. Smith & Co. for the State of Utah," and the correctness of this finding does not appear to be challenged.  Admitedly, therefore, Butler was the agent and representative, in this state, of the co-partnership, and there is nothing to show that the respondent, at any time before the sale had any notice of any limitations or restrictions upon the powers of the agent.  Under these circumstances, the agent must be regarded as having all the powers incident to his employment, and the respondent had the right to deal with him upon that basis.  If, therefore, the power to take an order, or make a contract for the sale of goods, is an incident to the agents employment, which must be so to give the agency any efficacy whatever, we see no good reason why the power to fix the time for the delivery of the goods should not likewise be an incident to such employment, and come within the scope of his authority.

Certainly the time for the delivery of goods may

20 Utah—29.

and, doubtless, often is of the utmost importance to the purchaser to prevent loss of custom, and consequent failure in business, through delay on the part of the seller. It is true that any order for goods, so taken by a salesman, may be and probably is only a conditional contract, not binding upon the principal until acceptance. While this may be conceded, still the agent may make any contract, within the apparent scope of his authority, and when the principal accepts it he is bound by its terms. Therefore, as the appellants received the contract from their agent for the sale of the goods, without notice to the purchaser of a refusal to comply with some of its conditions, and acted upon it, by shipping a portion of the goods, they must be held to have accepted the contract as a whole, including the conditions, as to the time of delivery, and as to the delivery of all the goods, which were attached to the sale.

So far as the respondent knew, Butler had apparently general authority to contract for a sale of the goods. It is true that the testimony of the appellants tends to show that there were private limitations imposed upon his powers, but these were never communicated to the respondent prior to the sale. In such case the agent must be regarded as a general agent, as to third parties who may deal with him in ignorance of any special or private instructions and limitations, and when his principal accepts the contract, he will be bound by all conditions attached thereto, if within the apparent scope of the agent's powers.

Mr. Justice Brewer, in *Babcock* v. *Deford*, 14 Kan. 313, where a question, similar to the one here considered, was before the court, said: "This agreement was made between the defendants and one Ross, who was the agent and commercial traveler of plaintiff; and it is objected that there is no proof that Ross had power to bind the

plaintiff by such an agreement. The defendants had no personal acquaintance,—no negotiations directly with the plaintiff. The entire trade was made between this agent and them. They had no knowledge of the extent or limitations of his authority. If the plaintiff accepted the contract of his agent, he must accept it as a whole, and cannot accept that which suits him, and reject the balance. The principal is bound by the representations of his agent, —bound by the contracts he makes within the apparent scope of his authority. Ross was the agent of plaintiff,— agent to make sales,—and the plaintiff is bound by the conditions he attaches to such sales. At least, he cannot enforce the sales, and reject the conditions."

In *Keith* v. *Herschberg Optical Co.*, 48 Ark. 138, Mr. Justice Smith, said: "A third person has a right to assume, without notice to the contrary, that the traveling salesman of a wholesale house has an unqualified authority to act for the firm he represents, in all matters which come within the scope of that employment." Dunlap's Paley on Agency, 199–201; Mechem on Agency, Sec. 362; *Daylight Burner Co.* v. *Odlin*, 51 N. H. 56; *Talmage* v. *Bierhouse*, 103 Ind. 270; *Murray* v. *Brooks*, 41 Ia. 45; *Marbray* v. *Kelly-Goodfellow Shoe Co.*, 73 Mo. App. 1; *Backman* v. *Charleston*, 43 N. H. 125; *Greer* v. *First Nat. Bank*, 47 S. W. R. 1045.

From the foregoing considerations, we are of the opinion that when the appellants received the order and acted upon it by shipping and delivering a portion of the goods, their action amounted to an acceptance of the contract, with the conditions attached by their agent. Thereafter, upon their failure to comply with all the conditions, the respondent became entitled to such damages as he sustained because of such failure. Nor, under the circumstances shown by the record in this case, do we think the claim for damages

was waived by the acceptance, from time to time, of such of the goods as the appellants delivered. The respondent could not, nor was he bound to anticipate that the appellants would not ship and deliver all the goods which he purchased, and consequently was not bound to refuse acceptance of such as were delivered. The acceptance of and payment for a portion of the goods was clearly advantageous to the appellants, and, when the final breach was committed by them, he had a right to sue for such damages as he actually sustained because of the failure of complete performance by the appellants.

The other points presented have received due consideration, but we do not regard them of sufficient importance to require separate discussion.

We find no reversible error in the record.

Judgment affirmed, with costs.

BASKIN, J., concurs.

MINER, J., dissenting.

I cannot concur with my brethren in several of the propositions of law as presented by the opinion of the court. In its first finding of fact the court found that Butler, at the time of the sale of the goods to the defendant, was a duly authorized and acting agent and salesman for the plaintiffs. In the second finding of fact the court found that on the 5th day of August, 1897, plaintiffs acting through their agent, Butler, sold to the defendant goods and merchandise of the value of $665.00. The third finding of fact shows that plaintiffs agent, Butler, agreed with the defendant, at the time of the sale, that the goods would be shipped from Omaha, Neb., so as to reach Salt Lake City for delivery, 12 days from the date of the sale, and that that was an express condition of the contract.

In the assignments of error it is claimed that the evidence is insufficient to justify the second finding of fact, for that the testimony that plaintiffs' agent on the 5th day of August, 1897, took orders from defendant for goods and nothing more, and it was impossible that a sale of goods to the defendant should have been consummated on that day, because the evidence shows that all the orders of Butler, the traveling salesman of plaintiff, were subject to the approval or rejection of plaintiffs, and the evidence shows that such orders did not reach plaintiffs until August 10; and that the evidence was insufficient to justify the third finding of fact because the uncontradicted evidence shows that Butler had no right or authority to make any such agreement specified in said finding, and that he did not in fact make such agreement.

The case turns upon the question of the agency of Butler, and his authority to agree when the goods were to be delivered.

The first assignment of error, doubtless through mistake, uses the words "plaintiffs' agent," but the meaning of the assignments of error is made clear throughout and from them all it is plain that appellants did rely on the fact that Butler was merely a commercial traveler or drummer, with authority to take orders for goods subject to the approval of plaintiffs, but not to make sales or fix the time when goods were to be delivered, and that the uncontradicted evidence justifies these views.

The attorney for the respondent makes no question, either in his brief or argument, that the assignments of error are not broad enough to cover all the findings of fact.

The testimony clearly shows, and is uncontradicted, that Butler was merely a resident commercial salesman or drummer for the plaintiffs, with authority, only, to take

orders for goods and submit them to his firm for rejection or acceptance, and that he had no authority to make any contract outside of such duty, or to extend or fix the time when the goods ordered would be delivered to the purchaser.

When a third person is dealing with a general agent of a wholesale dealer with general powers to sell and deliver goods, such person has the right to assume, without notice to the contrary, that such agent has authority to act for the firm he represents in all matters coming within the scope of his employment; but this rule, which is sustained by most of the authorities cited in the opinion of the court, does not apply to the facts in this case.

In this case there was neither a general or special agency to sell goods or make any contract relating thereto, or as to the delivery of the goods sold. The drummer's authority was limited to taking orders for goods and submitting the same to the house for its affirmance. If the party ordering was responsible and the prices and terms imposed were satisfactory, the order would ordinarily be accepted; if not it would be rejected.

If a wholesale house is to be held responsible for all the contracts their drummers or commercial travelers, with limited authority, may make, and by what they say, and be required to fill orders to such irresponsible dealers as a drummer might agree to sell goods to, or make contracts with, but little reliance could be placed upon their continued financial responsibility. The judgment of business men in such departments would revolt at such a proposition; hence the almost universal rule that drummers are given authority only to take orders, and are prohibited from making any contract to bind the firm. If the drummer or commercial traveler has authority to take orders for goods only, and to send the order to the house for its

approval, then the agency to sell the goods or bind the firm is wanting, and whatever the agent says or does outside of the scope of his authority to take orders is not binding upon the principal, and cannot ordinarily be used in evidence against such principal.

The following propositions are sustained by authority: The acts and declarations of one who assumes to be acting as the agent of another are not evidence against the principal until the facts of such agency are established by others. So the authority of the agent cannot be proved by his own statements. One dealing with another claiming to be an agent must do so at his own peril. The scope of a commercial traveler's or drummer's authority is well defined, and as a general rule extends to soliciting orders for goods. *Butler* v. *Dorman*, 68 Mo. 298; *Hatch* v. *Squires*, 11 Mich. 185; *Korneman* v. *Monaghan*, 24 Mich. 36; *Hirschfield* v. *Waldron*, 54 Mich. 649; *McDonough* v. *Stevens*, 38 Mich. 334; *Reynolds* v. *Insurance Co.*, 36 Mich. 131; 6 Am. & Eng. Ency. of Law, (2d ed.) 224-5; *Law* v. *Woodman*, 32 N. J. L. 249; *McKindley* v. *Dunham*, 55 Wis. 515; *Chambers* v. *Short*, 79 Mo. 204; *Greenwood* v. *Keator*, 9 Ill. App. 183; *Holland* v. *Van Bell*, 89 Ga. 223.

The case of *Butler* v. *Dorman*, 68 Mo. 298, was where a traveling agent sold goods by sample, but was not entrusted with the goods sold, and sometime after taking the order and transmitting it, the agent requested that the buyer pay him and said he would credit the same on the bill of the goods sold. The buyer paid the agent. Suit was brought by the firm against the buyer, and testimony was offered showing the agent's authority ended with the taking of the order, and that he had no right to receive the money. The court held that the purchaser paid the agent at his peril, and it devolved upon him to show that

the commercial traveler had authority to collect the money. *Clark* v. *Smith,* 88 Ill. 298; *Greenwood* v. *Keator,* 9 Ill. App. 183.

It does not appear that the plaintiff knew of the pretended contract made with Butler to the effect that the goods were to be delivered in Salt Lake City within 10 or 12 days, at the time the order was accepted and nearly all of the goods shipped. No such agreement was contained in the written order forwarded to plaintiffs. The order was written and dated August 5, and most of the goods were shipped August 11th, and the defendant was then notified that the balance of the goods were out of stock, but would be shipped very soon. Defendant wrote to plaintiffs complaining about not receiving the goods, and claiming that he was injured thereby, and asked that they be forwarded, but nothing is said in the letter about the contract to ship the goods in 10 or 12 days. So by accepting the order and shipping the goods in part, without any notice of any agreement with the drummer that they should be delivered within 10 or 12 days, the plaintiffs did not ratify or adopt the acts, statements or agreements of Butler, if made, to deliver the goods in 10 or 12 days. Butler had no right to make such a contract, and it was not communicated to the plaintiffs. *Howe Machine Co.* v. *Ashley,* 60 Ala. 496.

It is my opinion that the first, second and third findings of fact are entirely unsupported by the evidence, and that the uncontradicted testimony in the case is contrary to and insufficient to justify and does not support such findings.