MORRIS SPIRT AND COMPANY, INCORPORATED, *vs.*
MARY PRIOR.

Third Judicial District, New Haven, June Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The acceptance and actual receipt by the buyer of five barrels of sugar which form part of thirty-five barrels orally contracted to be sold and delivered, takes the contract out of the statute of frauds (General Statutes, § 6131), and justifies the buyer in claiming damages for a nondelivery of the remaining thirty barrels.

Argued June 4th—decided July 16th, 1919.

ACTION to recover for merchandise sold and delivered, brought to the City Court of Waterbury and transferred, upon motion of the defendant, to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the defendant upon her counterclaim, and appeal by the plaintiff. *No error.*

The plaintiff brought this action to recover the price of five barrels of sugar alleged to have been sold and delivered to the defendant for $8.75 per one hundred pounds. The defendant admitted that the five barrels of sugar were sold and delivered to her, and also averred, in her amended answer and counterclaim, that on October 5th, 1917, the defendant bought of the plaintiff thirty-five barrels each containing

three hundred and fifty pounds of sugar, at the price of $8.75 per one hundred pounds, and the plaintiff agreed to deliver to the defendant the thirty-five barrels of sugar at the above-named price; that the plaintiff delivered but five barrels of this sugar according to its agreement, which five barrels of sugar were accepted and actually received by the defendant as part of the thirty-five barrels referred to in the plaintiff's bill of particulars; that it has refused and neglected to deliver the balance of said sugar, although requested by the defendant to do so; and that the defendant was compelled to purchase said brand of sugar in the open market and to pay at the rate of $13 per hundred pounds therefor.

The plaintiff demurred to the defendant's amended answer and counterclaim. This demurrer was overruled. The plaintiff then denied the affirmative allegation of the defendant's amended answer and counterclaim. The defendant offered evidence to prove, and claimed that she had proved, the facts set forth in her answer and counterclaim. The plaintiff claimed and offered evidence to show that the contract was for the sale and delivery of but five barrels of sugar instead of thirty-five barrels, as the defendant had alleged in her answer and counterclaim.

It was conceded that "no evidence was offered by either party that either the alleged contract set forth in the complaint, or the alleged contract set forth in the answer and counterclaim, was anything but an oral contract, or that the buyer gave something in earnest to bind the contract in either case, or in part payment thereof, or that any memorandum in writing thereof was signed by the seller or by his agent on that behalf in either case; but, on the other hand, it was claimed and admitted, and appeared from the undisputed evidence, that each of these alleged agreements was an

agreement to buy and sell personal property of the value of more than one hundred dollars ($100), and was an oral agreement only."

*William E. Thoms* and *Philip N. Bernstein*, for the appellant (plaintiff).

*Edward B. Reiley, Jr.*, with whom was *Edward J. Finn, Jr.*, for the appellee (defendant).

RORABACK, J.   The ruling upon the demurrer becomes unimportant, as the same question is presented to us in the plaintiff's request to charge, in which the court was asked to instruct the jury that "the allegation in paragraph three of the answer, that the buyer accepted and actually received five barrels of sugar as part of the thirty-five barrels bought of the seller on such contract, even if true, is not alone sufficient, in an action by the buyer against the seller for nondelivery of goods of a value of one hundred dollars or more, or as a defense in this action, or upon the counterclaim in this action, to take such oral contract outside of the operation of the statute of frauds." This request was refused, and we are now called upon to determine whether the court erred in so doing.

Our statute of frauds (§ 6131) provides in part, that "a contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same."

"The acceptance referred to is that which the statute requires to give validity to the contract. It must be with intention to perform the whole contract and assert the buyer's ownership under it, but it is sufficient if it be

of part of the goods only. Such an acceptance implies the existence of a completed contract, sufficient to pass title, which is not to be confounded with that actual transfer of possession necessary to defeat the vendor's lien or his right of stoppage *in transitu,* or to show an actual receipt under the statute." *Townsend* v. *Hargraves,* 118 Mass. 325, 333; 20 Cyc. 245, 246.

It is to be noted that the plaintiff's request to charge assumes that the plaintiff and defendant have made and entered into a contract for the sale and delivery of thirty-five barrels of sugar, and that the defendant has actually accepted and received five barrels of sugar as a part of the thirty-five barrels bought of the plaintiff upon their contract. To have complied with the plaintiff's request would have ignored one of the plain provisions of the statute relating to the delivery, acceptance, and receipt of personal property. The court below having found the issues for the defendant upon her answer and counterclaim, we cannot grant a new trial unless it appears that some question of law has been improperly decided. The verdict of the jury has not been questioned as being against the evidence. This is not before us. We may assume that the jury were properly instructed, as no question is raised as to the charge as given.

The only assignment of error that requires attention is the one relating to the refusal of the trial court to charge as requested, hereinbefore referred to. This, like the demurrer, admits that there was a contract for the sale and delivery of thirty-five barrels of sugar, and that a part of this was actually accepted and received by the defendant for the whole quantity that was purchased. In general, "a part may be delivered for the whole, and in general a delivery of part is a delivery of the whole, if it be an integral part of one whole, but not if many things are sold and bought as

distinct articles, and some of them are delivered and some are not." 3 Parsons on Contracts (6th Ed.) p. 43. From this it appears that the agreement made met the requirements of the statute of frauds, which was sufficient to sustain the defendant's counterclaim for damages, in the absence of equitable considerations, which do not appear. *Kilday* v. *Schancupp*, 91 Conn. 29, 32, 34, 98 Atl. 335.

There is no error.

In this opinion the other judges concurred.