LEWIS A. CROSSETT COMPANY *vs.* THE AMERICAN POLISH CORPORATION.

Second Judicial District, Norwich, April Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and HAINES, JS.

One who receives a single oral order for goods deliverable, for the buyer's convenience, in four distinct lots at specified times, and ships one or more of the required instalments, thereby assents to the order in its entirety and is bound to deliver the remaining instalments pursuant to the contract thus made.

The acceptance and actual receipt by the buyer of a part of the goods sold pursuant to an oral order, is sufficient to take the contract out of the statute of frauds (§ 6131).

A purchaser of goods deliverable in instalments may reject any instalment which fails to comply with the contract; but if he chooses to waive the defect and retains the goods, he thereby accepts them as part fulfilment of his entire order.

Argued April 25th—decided June 3d, 1922.

ACTION to recover for a shipment of shoes alleged to have been purchased by the defendant, brought to and tried by the Superior Court in New London County, *Brown, J.;* facts found and judgment rendered for the plaintiff for $1,702, and appeal by the defendant. *No error.*

*William H. Shields, Jr.,* for the appellant (defendant).

*Arthur M. Brown,* with whom was *Charles V. James,* for the appellee (plaintiff).

WHEELER, C. J. Aside from the errors in refusing to correct the finding, which do not seem to be well taken, we find two questions raised by the appeal: (1) Was the order for the shoes upon which the judgment rests, accepted by the plaintiff so as to have created a contract between the parties for the sale of

these shoes? (2) If so, was this contract within the statute of frauds?

The finding is definite and full. A salesman of plaintiff took an order for shoes from the defendant. He had no authority to complete the contract. That could only be done by the plaintiff. For convenience the order, though a single order, was broken in four lots. Lots one and two were for immediate delivery. Lot three was for delivery for the Easter trade. Lot four was for delivery for the fall trade. The order for lot one was telephoned to plaintiff by the salesman, and was promptly filled by plaintiff except that, as plaintiff explained by letter, it was necessary to make a few substitutions in the sizes of the shoes ordered. The defendant, upon receipt of these goods, decided to accept them, and paid for the same as billed. Upon receipt by mail of the balance of the order, viz: lots two, three and four, plaintiff acknowledged receipt of the order by mail and promised its prompt attention. At this time plaintiff had not accepted this part of the order, as it had not then been approved of by its credit department.

Plaintiff shipped lot two within the time of delivery agreed upon and as ordered, except as to certain of the goods. It explained by letter to defendant its inability to fill the order except in the way it had. The defendant decided that it could use the goods as sent, and accepted and paid for the same. Lot three was shipped as ordered, except that the shipment was not made at the time agreed upon. The defendant made no objection upon this ground, but accepted the goods and paid for the same. Lot four was shipped in exact accordance with the order and within the time of delivery agreed upon. Defendant refused to accept this lot, or to pay for the same, and plaintiff sues to recover the contract price.

When plaintiff shipped lot one it had not accepted the orders for lots two, three and four, since it had not at that time received the orders from its salesman. Thereafter the orders were approved by its credit department. Its shipment of lot two, together with its letter of explanation, was an acceptance of the balance of the order known as lots two, three and four; and thereupon the contract of sale became completed. *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 89, 33 Atl. 604; 1 Williston on Contracts, § 90. "A part may be delivered for the whole, and in general a delivery of part is a delivery of the whole, if it be an integral part of one whole." 3 Parsons on Contracts (9th Ed.) p. 44. Upon receipt of lot two, it not complying with defendant's order, the defendant had the right to reject it, or to waive its noncompliance with the order. *Downs* v. *Marsh*, 29 Conn. 409. It chose the latter course, and certain obligations arose as a result. If lot two had been strictly according to the order, there could be no doubt that the acceptance of a part of the order was the acceptance of the whole order. The precise point was determined in *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 35 Atl. 521, and later approved in *Spirt & Co.* v. *Prior*, 93 Conn. 639, 641, 107 Atl. 513. Acceptance by defendant of lot two as it was, had exactly the same effect as if it had been in accordance with the order. Defendant took the goods as sent in place of the goods it had ordered, and its acceptance of a part of the entire order was an acceptance of the whole order. If this were not so, the acceptance of lot three, which was in exact conformity to the order given, was an acceptance of the entire order. The failure to deliver within the time agreed upon was waived by the acceptance of this lot of goods. The contract of sale was a necessary inference from the conduct of the parties. General Statutes, § 4670.

The contract for the sale of these goods was taken out of the statute of frauds by the acceptance of lots two and three by the defendant. General Statutes, § 6131; *Spirt & Co.* v. *Prior*, 93 Conn. 639, 107 Atl. 513. The judgment of the Superior Court was manifestly correct.

There is no error.

In this opinion the other judges concurred.