ALBERT E. ZIEHME *et al.*, *as Partners, etc.*, V. SUSAN B. PARISH.

No. 14,580. (87 Pac. 685.)

SYLLABUS BY THE COURT.

1. CONTRACTS — *Purchase and Sale* — *Order* — *Acceptance*. A written order, executed and delivered by a retail dealer to a wholesale dealer, to ship certain articles of merchandise at a specified price constitutes a contract of purchase and sale when the order is accepted by the wholesale dealer and the goods are shipped in accordance with the order.

2. —— *Consideration—Recovery on the Contract—Proof of Value*. The shipping of the goods is a sufficient consideration to sustain the contract, and in an action based upon such contract it is not necessary to entitle him to recover for the plaintiff to prove the value of the goods.

3. —— *Construction of Terms* — *Time of Payment*. When the order contains the following: "Terms: Cash disc., six per cent. ten days, three per cent. twenty days, net thirty days. Special time payments: One-fourth due in four months, one-fourth due in six months, one-fourth due in eight months, one-fourth due in ten months. Special time payments must be closed by note within ten days;" and the purchaser refuses after more than ten days have elapsed to execute notes in accordance with the conditions for the purchase-price; *held*, that the entire bill becomes due in thirty days.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed November 10, 1906. Reversed.

STATEMENT.

THE plaintiffs brought suit before a justice of the peace on a written and printed order for $196 worth of jewelry, and alleged that they shipped the goods as directed; that the defendant received the same; and that the price thereof was due and unpaid. The defendant denied under oath the execution of the order,

and alleged that the contract was not for a purchase of the goods but for an agency to sell on commission. She also alleged want of consideration, and admitted receipt of the goods.

The plaintiffs obtained judgment, and the defendant appealed to the district court of Cloud county. The case was tried in the district court on the pleadings filed before the justice. After the introduction of the plaintiffs' evidence a demurrer thereto was sustained, judgment was rendered for the defendant, and the plaintiffs bring the case here.

*C. W. Van De Mark*, for plaintiffs in error.

*A. L. Wilmoth*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The only error alleged which need be considered is the sustaining of the demurrer to the plaintiffs' evidence and rendering of judgment for the defendant. The demurrer was upon three grounds: (1) That there was no evidence tending to prove the execution of the written order; (2) that the evidence did not tend to prove any consideration for the contract; and (3) that the evidence did not tend to show that any sum was due.

A part of the evidence introduced was the following from the deposition of J. W. Barnes:

"Ques. In your former answer you mention an order blank and the terms of the same. Please state if this is the original order signed by Susan B. Parish, to be hereto attached and marked 'Exhibit A.' Ans. Yes."

"Exhibit A" was then introduced in evidence, and,

omitting the long list of articles attached, which footed
up $196, it reads as follows:

"No claims for deficiencies
will be allowed unless made
immediately after receipt of
goods.

"Agreements made with sales-
men are not binding on us
unless specified on original
order returned to us.

"ST. LOUIS JEWELRY COMPANY,

WHOLESALE JEWELERS.

"No goods taken back for
credit.
"All goods f. o. b. St. Louis.

"Broadway and Chestnut St.,
St. Louis, Mo.

"Sold to. . . . . . . . . . . . . . . . . . . . . . . . . .

"*Terms:* Cash disc., 6% 10
days, 3% 20 days, net 30
days.
"*Special time payments:*
    ¼ due in 4 months.
    ¼ due in 6 months.
    ¼ due in 8 months.
    ¼ due in 10 months.

"Special time payments must
be closed by note within 10
days.

"List of goods:   .   .   .

"Our Warranty: Any jewelry purchased of us that
may prove defective or does not give reasonable satis-
faction, may be returned to us any time within five
years from date, and we will forward a new duplicate
article in place of it.

"Any jewelry purchased of us which does not sell
readily may be exchanged within one year for new
styles and pattern of any jewelry in our stock. Pur-
chaser must prepay all express charges on repairs or
exchange.   .   .   .   ST. LOUIS JEWELRY COMPANY.

"*St. Louis Jewelry Company:*

"Ship us above goods on *special time payment* terms.

SUSAN B. PARISH, *Customer.*

"Salesman, J. W. BARNES.

"Post-office, Como; state, Kansas; express office,
Miltonvale, Kan."

The defendant was also sworn on behalf of plaintiffs
and identified the following letter, which was intro-
duced in evidence:

"*St. Louis Jewelry Co.:*        "COMO, KAN., 9/12, 1904.

"SIR—Yours at hand. You must take your julery
back or leave it as your agent ask for you sent an

Ziehme v. Parish.

over-stock of of goods.    37 is what the agent said would be the amount and you have sent $196 worth. It is out of reason for a place like this.    This gangling is hurting my trade.         Yours,

MRS. S. B. PARISH."

C. W. Van De Mark, attorney for plaintiffs, also testified, in substance, that in the early part of November he went to Como and talked to the defendant about this bill, which he had for collection, and presented notes which he had prepared for the purchase-price of the goods, and she refused to sign them.

The evidence tends to show the execution of the order. Proof of the acceptance of the order and the shipping of the goods in accordance therewith shows a completed contract and a consideration therefor. The conditions of the order were that the bill would become due in thirty days unless time payments were secured by notes due in four, six, eight and ten months, each for one-fourth of the amount of the bill. We think the evidence, while meager, was sufficient to entitle the plaintiffs to recover, and that the court erred in sustaining the demurrer and rendering judgment for the defendant.

The judgment is reversed, and the case is remanded with instructions to grant a new trial.

All the Justices concurring.