### 2012. MAINE & COMPANY *v.* HOWELL *et al.*

A, by a written order, bought from B $180 worth of goods and merchandise. B, on receiving the order, executed it by shipping the goods covered by it to A. *Held*, that the contract was not within the statue of frauds, and was mutually binding.

Complaint; from city court of Douglas—Judge Roan.   May 20, 1909.

Submitted November 17, 1909.—Decided January 21, 1910.

*J. W. Quincey, J. N. McDonald,* for plaintiffs.

*Lankford & Dickerson,* for defendants.

HILL, C. J.   The suit was for $180, the purchase-price of goods sold and delivered.   A nonsuit was granted, because no valid contract was proved, under the statute of frauds.   The undisputed evidence shows that the order for the goods was in writing, signed in the name of the defendants by their admittedly lawfully-authorized agent.   This written order was delivered to the salesman of the plaintiffs, who sent it to his principals. ● The order stipulated that it was not binding upon the plaintiffs until accepted by them, and it also stipulated that the delivery of the goods to the carrier, for shipment to the defendants, would be considered a delivery to the defendants.   Soon after the written order was received, the plaintiffs delivered the goods covered by it to the common carrier, properly consigned to the defendants, and they refused to receive them from the carrier or to pay for them.   Under these admitted facts we do not understand how the statute of frauds is applicable.   Here there was a written contract signed by the defendants, or their lawfully-authorized agent.   By this contract they agreed to purchase the goods and promised to pay for them according to the terms of the contract.   They were the parties "charged therewith." The learned judge of the trial court held that the contract was not accepted by the plaintiffs so as to make it mutually binding.   True, there was no written acceptance, but the plaintiffs executed the contract by filling the order according to its terms.   This was the very highest form of acceptance.   Besides, the fact of the suit to enforce the contract is proof of its acceptance.   Learned counsel for the defendants insist that there was no acceptance of the goods by them; and an extended argument was submitted in support of the proposition that the stipulation in the contract, that delivery to the carrier was to be considered as delivery to the purchaser, was not sufficient to show that the goods were accepted by the purchasers.   We might concur in this view if we thought it applicable to the facts of the case.   But as the plaintiffs proved a written contract executed by the defendants, it was not necessary to go further and prove that the goods were accepted by the purchasers, to avoid

the statute of frauds.    The contract being in writing, the statute was fully met, and it was not necessary to show anything in avoidance of its mandate.    Civil Code of 1895, §2693, par. 7.    The plaintiffs proved the case as laid, and it was error to grant a nonsuit.                        *Judgment reversed.*