THE HESSIG-ELLIS DRUG COMPANY, *Appellant*, v.
R. J. SLY, *et al.*, *Appellees*.

No. 16,615.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Transaction Held to be a Sale—Place of the Contract—Foreign Corporation—Authority.* A contract by a foreign corporation to deliver goods on board of cars in another state, consigned to parties in this state, upon their order, and containing stipulations for the advertisement of the goods by the consignor and for the return upon certain conditions of goods unsold, is examined, and it is *held*, (1) that there was a sale of the goods so delivered, and (2) that the transaction was not "doing business in this state" requiring a certificate of authority as provided in section 1726 of the General Statutes of 1909.

2. PRACTICE, SUPREME COURT—*Motion to Dismiss Appeal—Issue Determinable in the Trial Court.* An action by such foreign corporation for the price of goods so delivered under the contract referred to was dismissed for want of authority to do business in this state. After an appeal had been taken from that order the goods were shipped back to the consignor, but were not accepted. It is *held*, that a motion to dismiss the appeal because of such return can not be sustained. The matter is defensive, to be determined in the district court if presented there in the usual course of practice.

Appeal from Labette district court. Opinon filed July 9, 1910. Reversed.

*A. A. Osgood,* and *Paul H. Kimball,* for the appellant.
*W. D. Atkinson,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover upon an account for goods alleged to have been sold and delivered. The plaintiff, the Hessig-Ellis Drug Company, is a foreign corporation, with headquarters at Memphis, Tenn. The defendants are partners engaged in the drug business at Parsons. Upon an appeal from a judgment for the plaintiff, rendered by a justice of the

peace, the district court dismissed the action, upon motion of the defendants, for the reason that the plaintiff had not been authorized to do business in this state. (Laws 1907, ch. 140, § 29, Gen. Stat. 1909, § 1726.) The motion was heard upon affidavits which show that the goods were furnished under a written contract containing the following provisions:

"First: In consideration of the purchase of a certain quantity of the product of the party of the first part, by the party of the second part, said product being known and described as Dr. Nott's Cuban Hair Rest. & Hair Tonic, the amount of said purchase being designated by order given this day and date and which for the purpose of identification is marked 'A.' Now, therefore, in consideration of the faithful fulfillment of the terms of said order 'A,' together with the terms of this contract, by the party of the second part, the party of the first part agrees to contract with the Zellner Adv. Agency, Memphis, Tenn., for from 5000 to 10,000 lines agate measure of advertising, specifying the *Sun* or *Eclipse* singly or divided, said advertising to be executed during the twelve months following date of the delivery of goods described by order 'A' at Parsons, Kan.

"Second: The party of the first part agrees not to sell to any other dealer than the party of the second part in the town of Parsons, Kan., during the term of this agreement, the product known as Dr. Nott's; but the party of the second part agrees to sell to any dealer in his territory who may be deemed worthy of credit or who tenders cash at the regular net wholesale price, it not being the purpose of either party to this agreement to commit any act in defiance of the federal or state laws regulating commerce.

"Third: It is agreed by and between the parties of the first and second part and is an element of this agreement that if for any reason the party of the first part should default or commit any breach of this agreement then it shall be at the option of the party of the second part to at once return all goods unsold at the full invoice price to the party of the first part, and the party of the first part, in event of such contingency, agrees to accept any unsold goods described by order "A' and will remit on receipt of same, and if for any

reason the party of the second part should default in the terms of the agreement made this day and date, then in that case the party of the first part shall have a measure of damage against the party of the second part the collection of the amount specified in order.

"Fifth: It is agreed and understood that the party of the second part will keep a sign on windows, or doors, or counters of or in place of business, reading 'Local Distributor of Dr. Nott's Cuban Hair Restorer & Hair Tonic.'

"In consideration of the fulfillment of the terms of order 'A' and contract B by the party of the second part, the party of the first part agrees to take back all unsold goods at full invoice price at the end of the Kansas advertising contracts."

The goods were shipped f. o. b. cars at Memphis, July 31, 1908, upon the order referred to in the contract, and were received by the defendants. On November 5, 1908, the plaintiff wrote to the defendants a letter, as follows:

"Send in all coupons on which you gave out Cuban Hair Restorer. We desire to replace goods so given out according to contract, at the same time we will forward you quantity of advertising matter.

"Reports all over the territory from our various agents are highly flattering. The preparations are making good through our liberal policy and aggressive advertising campaign. The free distribution proves our confidence at once. We hope sales are good with you.

"We call your attention to the big shipment to Omaha. Isn't it about time that your stock needs replenishing? Send us an order to go out with this shipment, freight will be prepaid. We have quite a number of duplicate orders from dealers who bought as much or more than you did about the same time. We hope you are ready for a shipment. Remember you get extra discount on repeat orders, so much for being our agent in your town. You can sell other druggists at wholesale and make 10 and 5 per cent."

This action was commenced December 22, 1908, and was dismissed June 1, 1909. The plaintiff appeals.

While the contract contains stipulations for adver-

tising, and for the return of unsold goods, upon certain conditions, it contains nothing inconsistent with a sale. The letter referring to coupons for goods given out by the defendants, and proposing to replace such goods, indicates an advertising scheme, which, like the advertising stipulated for in the contract, might be beneficial to both parties, promoting sales by the defendants, and leading to further orders. The use of the word "agents" in the letter does not change the relation of the defendants as purchasers, if they were made so by the contract.

We conclude that a sale was effected by this transaction, and that it did not constitute "doing business in this state" within the meaning of the statute. This court has said:

"The authorities are too uniform and too numerous to require citation that in the sale of goods upon an order the contract is completed where the order is received and accepted, and the sale is completed and delivery made to the purchaser by delivery of the goods to a common carrier for conveyance to the purchaser, unless a contrary intention of the parties is shown." (*Stock Food Co. v. Jasper,* 76 Kan. 926, 927.)

Another question is presented upon a motion of the defendants to dismiss the cause from this court. This motion is based upon a return of the goods after this appeal had been filed. The affidavits show that the defendants shipped the goods to the plaintiff, and that the railway company delivered them to a drayman at Memphis for the plaintiff, but the plaintiff refused to accept them, and so notified the defendants. An affidavit filed by the defendants states that the return of the goods was made in accordance with the terms of the contract. This presents an issue which can not be tried upon this motion to dismiss. It is defensive matter, to be heard and determined by the district court if presented there in the usual course of practice.

The motion to dismiss the appeal in this court is de-

·nied. The order of the district court dismissing the action is reversed, and the cause is remanded for further proceedings.