3352.  CASE THRESHING MACHINE CO. *v.* DONALSON.

This case is fully controlled by the decision of this court in *Maine* v. *Howell,* 7 *Ga. App.* 311 (66 S. E. 804). The case of *Cable Piano Co.* v. *Hancock,* 2 *Ga. App.* 73 (58 S. E. 319), is distinguishable from the present case on the facts.

DECIDED JANUARY 30, 1912.

Complaint; from city court of Bainbridge—Judge Harrell. March 17, 1911.

The J. I. Case Threshing Machine Company sued John E. Donalson for the price of machinery alleged to have been sold to him under a written contract. The allegations of the petition, so far as material, are as follows · Defendant, on June 15, 1909, executed and delivered to plaintiff his written contract (a copy of which is attached as an exhibit) whereby he purchased certain machinery described therein, which was to be shipped to him at Jakin, Georgia. The machinery was shipped to Jakin, according to the terms of the contract. By the terms of the contract Donalson agreed to receive the machinery described therein, on the cars, on arrival at Jakin, to pay freight and charges thereon, and to pay to the order of petitioner $172 in cash, and to execute notes for the balance of the purchase-price; and if he should fail to make the cash payment or to execute and deliver the notes for the deferred payments, the written order or contract should, at the option of the plaintiff, "stand as the purchaser's written obligation, having the same force and effect as notes and mortgage," and the whole amount of the purchase-money should become due and payable, and the plaintiff should "stand discharged from all warranty." It is alleged that the plaintiff discharged its part of the contract, but that the defendant failed to execute and deliver the notes as agreed, and that the full purchase-price of the machinery is therefore due, to wit, $472 and interest, besides $56 freight. By amendment it is alleged that the machinery described in the contract was shipped to Jakin, Georgia, and was there tendered by the plaintiff to the defendant.

The defendant filed a demurrer, setting up, in effect, that the contract was unilateral; that it had not been signed by the vendor, although it was provided by the express terms of the contract that it should be signed by both parties thereto before the machinery was shipped; and that the machinery was shipped against the defendant's consent, and he refused to accept it on its arrival at Jakin. The demurrer was sustained and the petition dismissed. and the plaintiff excepted.

The contract upon which suit is based was signed by John E. Donalson, the defendant. It is an order addressed to the J. I. Case Threshing Machine Company, Racine, Wisconsin, and re-

quests the company to ship, on or before the 15th day of June, 1909 (or as soon thereafter as transportation can be furnished), to Jakin, Georgia, or other convenient station in the State of Georgia, to the undersigned purchaser, the machinery described in the contract. It provides that "this order must be signed by all parties before delivery of goods," and that the order "is taken subject to approval, and is to be sent to the company for acceptance or rejection." It sets forth the purchase-price and provides for terms of payment, and contains this condition: "If purchaser fails to pay said money or to execute and deliver said notes and mortgage (properly filed or recorded), it is agreed, as a condition hereof, that the title to said goods shall not pass, and this order shall, at the company's option, stand as the purchaser's written obligation, having the same force and effect as notes and mortgage for all sums not paid in cash, and the whole amount of purchase-money shall be due and payable, and the company stand discharged from all warranty." The contract contains warranties as to the kind and character of the machinery, and other mutual terms and conditions, and provides that if the purchaser "fails or refuses to accept said machinery upon its arrival as above specified, or in case he cancels this order, he will pay said company the freight and charges on said machinery from the factory to the place of delivery as above provided, and freight for its reshipment, and in addition thereto will pay 15 per cent. of the contract price, which it is hereby agreed shall constitute the liquidated damages for such breach of contract."

*J. C. Hale,* for plaintiff.

*Erle M. Donaldson,* for defendant.

HILL, C. J. (After stating the foregoing facts.) The suit is not for breach of contract, but for the purchase-price of the machinery, the petition alleging that the plaintiff fully performed its part of the contract; and the only question presented for the decision of this court is whether the allegations of the petition, if proved, entitle the plaintiff to recover the agreed price of the machinery. This case seems to be fully controlled by the decision of this court in *Maine* v. *Howell,* 7 *Ga. App.* 311 (66 S. E. 804). Indeed, we think that it is even stronger and clearer as to the right of the plaintiff to recover than the case just referred to. In that case it was held that where A., by a written order, bought from B. $180 worth of goods and merchandise, and B., on receiving the order, executed

it by shipping the goods covered by it to A., the contract was not within the statute of frauds, and was mutually binding. Here the contract was signed by the defendant himself, and this written order was sent directly to the plaintiff for acceptance and performance. In the case cited the contract, as in the present case, provided that it was not to be binding unless it was signed by the parties thereto, and there was no written acceptance of the order by the plaintiff, but, on the receipt of the order, the plaintiff executed the contract by filling the order according to its terms, and in the opinion this court says: "This was the very highest form of acceptance."

It is insisted that the plaintiff was not bound by the express warranties unless the contract was actually signed by it. We do not concur in this view. When the plaintiff performed the contract according to its terms, this was an acceptance, and it followed that the plaintiff was thereupon bound by all the warranties, terms, and conditions contained in the contract, just as the defendant was also bound. The plaintiff having, therefore, accepted and performed the contract according to its terms, the defendant was bound on his part to accept the machinery, unless there was some breach of the warranties contained in the contract. He could not arbitrarily refuse to accept the machinery, which had been shipped to him by the plaintiff according to his order and tendered to him at the very point of destination to which he had directed that it be shipped and delivered. It is not necessary for the party to whom the order is addressed to accept it in writing (although it be expressly stipulated that it should be so accepted), if it is signed by one of the parties and is acted on by the other party. Under these circumstances it is as binding as if signed by both parties. Voegel v. Peacock, 157 Ill. 339 (42 N. E. 386, 30 L. R. A. 491); Sellers v. Grier, 172 Ill. 549 (50 N. E. 246, 40 L. R. A. 591); 9 Cyc. 270. See also Sheppard v. Daniel Miller Company, 7 Ga. App. 760 (68 S. E. 451); Sheffield v. Whitfield, 6 Ga. App. 762 (65 S. E. 807). In the Sheffield case, supra, Judge Russell uses the following language pertinent to the question now under consideration: "An offer may be accepted . . either by a promise to do the thing contemplated therein, or by the actual doing of the thing." In Brown v. Bowman, 119 Ga. 153 (46 S. E. 410), it is held that "though a promise may be a nudum pactum when made, because the promisee is not

bound, it becomes binding when he subsequently furnishes the consideration contemplated, *by doing what he was expected to do.*" Chief Justice Fish, in the course of the opinion, uses the following language: "A contract is often such that, until something is done under it, the consideration is imperfect, yet a partial performance, or a complete performance on one side, supplies the defect. If, for example, one promises another, who makes no promise in return, to pay him money when he shall have done a specified thing, if he does it, not only is the contract executed on one side, but also the consideration is perfected and payment can be enforced" (citing numerous authorities). "A promise may be unenforceable for want of mutuality when made, yet the promisee may render it valid and binding by supplying a consideration on his part before the promise is withdrawn." This doctrine is well settled by many adjudged cases cited by text-writers.

It therefore seems perfectly clear that when this offer was signed by Donalson and sent directly to the J. I. Case Threshing Machine Company for its acceptance or rejection, and the company accepted it by executing it according to its terms, the offer became a contract fully completed and mutually binding; and when the company performed its part of the contract and shipped to the defendant, as directed, the machinery therein described, and tendered delivery to him at the point of destination, he not having withdrawn his proposition before the contract was fully executed by the plaintiff, he could not without cause refuse to accept the machinery. He was bound then to accept it and to pay for it as agreed, unless some of the warranties relative to the machinery were breached.

The case of *Cable Piano Co. v. Hancock,* 2 *Ga. App.* 73 (58 S. E. 319), relied upon by the defendant, is distinguishable from the present case on the facts. In that case the offer to buy the piano described in the written contract was signed by the defendant and delivered to the plaintiff's salesman, who turned it over to the company's office for acceptance. The piano had already been delivered into the possession of the defendant for trial, subject to his approval, and to be paid for when the contract was accepted by the Cable Piano Company. Before the Cable Company accepted the contract, the defendant tendered back the piano, telling the plaintiff that he had decided to cancel the order. Judge Powell, in delivering the opinion of the court, expressly states that "the delivery

of the piano under the contract, and acceptance thereof by the buyer, would have been sufficient to make the contract complete. The buyer's custody of the piano, under the circumstances stated, however, did not have this effect." And it was held that under the facts of that case the contract never became mutual, because the proposed buyer had a right to withdraw his consent thereto before acceptance by the seller, and he exercised this right before the seller accepted the contract. There is nothing in this decision that is in conflict with what is herein decided. For the reasons stated, we conclude that the court below erred in sustaining the demurrer and in dismissing the petition.

*Judgment reversed. Pottle, J., not presiding.*