### 4363.   CASE THRESHING MACHINE COMPANY *v.* DONALSON.

1. While acceptance of a written offer to buy goods may be shown by delivery of the goods, yet where evidence of delivery alone is relied upon to show acceptance, and it appears that the order was withdrawn before such delivery, the purchaser is not bound.
2. An amendment to an answer, setting forth a new and distinct defense, may be allowed at any stage of the cause, subject to the terms prescribed in section 5640 of the Civil Code.
3. Where the evidence in support of a legal defense set forth in an answer demands a verdict in favor of the defendant, error in refusing to strike a portion of the answer, which did not set forth any legal defense, will be deemed harmless.

DECIDED JANUARY 22, 1913.

Complaint; from city court of Bainbridge—Judge Harrell. June 24, 1912.

*J. C. Hale,* for plaintiff.   *Erle M. Donalson,* for defendant.

POTTLE, J.   The plaintiff in error sued Donalson for the agreed price of certain machinery which it alleged had been shipped and tendered to him in accordance with the terms and conditions of his written order.   The writing stipulated that the order should not be binding until signed both by the purchaser and by the seller before the delivery of the machinery, and that the order was taken subject to acceptance or rejection by the seller.   The petition alleged that the machinery had been shipped and tendered to the defendant, but failed to allege that the order had been signed by the seller before the attempt to deliver was made.   In the trial

court the petition was dismissed on demurrer, upon the ground that it did not appear that the order had been signed by the seller. This judgment was reversed by the Court of Appeals, in a decision which held that the shipment of the machinery was such an acceptance of the order as to make it a mutually binding contract. *Case Threshing Machine Co.* v. *Donalson,* 10 *Ga. App.* 428 (73 S. E. 618). When the case came on for trial the second time, the defendant offered an amendment to his answer, averring that there had never been any delivery of the machinery to the defendant, that the machinery had not been shipped to the defendant, and that he had countermanded the order for the machinery, and had never accepted the same or any part thereof. This amendment was allowed, over the objection of the plaintiff that it set forth no defense, or, if so, it was a new defense, of which no notice was given in the original answer. The written motion to strike the defendant's answer was overruled, and, after hearing evidence, the court directed a verdict for the defendant. The plaintiff excepted.

1. The order was never signed or accepted in writing by the plaintiff. There is a notation on the order as follows: "Accepted 5/27/09, W. W. R." The evidence is silent as to who or what "W. W. R." is. There is nothing to indicate that these letters are the initials of any authorized agent of the seller. The acceptance of the order is evidenced only by the fact that the goods were shipped by the seller. An offer to buy goods may at any time be withdrawn before the seller has, either by a writing or by an attempt to make delivery of the goods in accordance with the terms of the offer, indicated an acceptance of the offer. It appears, from the evidence, that the machinery was consigned to the plaintiff itself. For that reason delivery to the carrier was not delivery to Donalson. The case turned upon the question whether Donalson had countermanded the order before the machinery was offered to him. Upon this subject, he testified generally that he countermanded the order before the machinery was shipped. But taking his testimony altogether, in view of the uncertainty as to the exact date of the withdrawal, it may be that a jury could find that the machinery was shipped out before the countermand was made. The seller, however, elected to ship the machinery to itself; it therefore retained complete title and control over the machinery until actual delivery to Donalson. Having the right, even after the machinery was shipped, of either stopping it in transitu

or recalling the shipment after it reached its destination, the plaintiff can not complain if Donalson exercised his correlative right to withdraw his offer to buy the machinery, even after it was shipped and before it was actually tendered to him. We have read the testimony upon this subject with the utmost care. It demands a finding that Donalson, before the machinery was tendered to him, notified the seller that he would not take and pay for it. Only one witness was sworn in behalf of the plaintiff, and nowhere in his testimony does he deny Donalson's statement in reference to his having countermanded the order. If there had been any issue in reference to this question, it would have been the duty of the trial judge to submit the same for decision to the jury; but, the evidence upon this subject being undisputed, the trial judge did not err in directing a verdict in favor of the defendant.

2. There was no error in allowing the amendment. Generally, pleadings are amendable at any stage of the cause. Affidavit was made that the facts constituting the new defense were not omitted from the original answer for the purpose of delay; and the objections to the amendment were not well taken. Civil Code, § 5640.

3. The original answer denied every material allegation in the plaintiff's petition, and contained a plea of non est factum. In addition to this, the answer averred that the seller's agent represented to the purchaser that the machinery described in the order could be operated with the gasoline engine owned by the purchaser. The court properly overruled the motion to strike so much of the answer as contained a denial of the material allegations in the petition, as well as the further defense that the order had not been signed by the purchaser. It was error to refuse to strike so much of the answer as sought to set out the parol agreement between the purchaser and the seller's agent. This, however, was a harmless error, as no such agreement was relied on by the defendant. Nor was the court's action in directing the verdict in his favor based upon any testimony in support of this plea. By failing to introduce evidence in support of this plea or to insist upon it as a defense, the defendant cured the error which had been committed in his favor in refusing to strike the plea, and as the evidence upon the defense which was valid demanded a verdict in the defendant's favor, the case will not be sent back on account of the harmless error above mentioned.                    *Judgment affirmed.*