Argued February 25, decided March 10, 1914.

## BERTIN & LEPORI *v.* MATTISON.*

(139 Pac. 330.)

Corporations—"Transaction of Business Within State" by Foreign Corporation.

Taking orders through a traveling salesman within the state subject to acceptance by a corporation at its home office without the state does not constitute the "transaction of business within the state," within Title 44, L. O. L., and Laws of 1913, page 772, prescribing the conditions precedent to the doing of business in the state by foreign corporations.

[As to what constitutes doing business within the state by foreign corporations, see note in Ann. Cas. 1913E, 1154.]

From Clatsop: JAMES A. EAKIN, Judge.

This is an action by Bertin & Lepori, a corporation, against N. Mattison and others. From a judgment in favor of defendants, plaintiff appeals.

REVERSED.

For appellants there was a brief over the names of *Mr. Marion B. Meacham* and *Mr. C. W. Mullins,* with an oral argument by *Mr. Meacham.*

------

*On the question of soliciting trade as doing business within the state, see notes in 9 L. R. A. (N. S.) 1214 and 23 L. R. A. (N. S.) 834.

REPORTER.

For respondent there was a brief and an oral argument by *Mr. George C. Fulton.*

Department 2.   MR. JUSTICE MCNARY delivered the opinion of the court.

On the 12th day of March, 1909, defendants executed and delivered to plaintiff a promissory note in the sum of $579.60.   The purpose of this action is to reduce that note to a judgment.   Plaintiff is a corporation organized under the laws of the State of California, engaged in the general mercantile business, having its principal place of business at San Francisco. Prior to the date of the execution of the note, the defendant N. Mattison, who was conducting a mercantile establishment in the City of Portland, bought of plaintiff's salesman a quantity of goods, wares and merchandise, aggregating a sum equal to the face of the note.   As an accommodation to N. Mattison, the other defendants signed the note as sureties.   The negotiable paper was executed and delivered to the accredited agent of plaintiff in the State of Oregon.   The original answer filed in the cause contained a defense going to the merits of the controversy, also a plea in abatement.   With the consent of plaintiff, defendants withdrew their initiatory answer, and, by permission of the court, filed an amended answer, containing a plea in abatement only, the essential import being that the plaintiff was a foreign corporation and had not complied with the laws of the State of Oregon, and that the transaction surrounding the sale of the goods and the execution and delivery of the note was entirely begun and consummated within the State of Oregon. The case coming to be heard, plaintiff and defendants, through their respective attorneys, stipulated the following facts, which were adopted by the court in its findings of fact: That plaintiff was, during all the time

mentioned in the pleadings, a private corporation organized and existing under the laws of the State of California, engaged in the general mercantile business; that plaintiff had never at any time complied or attempted to comply with the laws of the State of Oregon relating to the manner in which a foreign corporation can transact business, and never had at any time filed its declaration or intention to engage in business in Oregon, or pay its license fee; that plaintiff had never executed or filed with the Secretary of State its written appointment of any person residing in this state as its attorney, upon whom service of summons or process in any action or proceeding instituted in the state could be served; that, while N. Mattison was engaged in the mercantile business in Portland, Oregon, plaintiff, through its traveling salesman, sold to such defendant certain goods, wares and merchandise; that the order for the merchandise was transmitted to plaintiff at its place of business at San Francisco and there accepted, whereupon the merchandise was then shipped to defendant N. Mattison at his place of business in Portland, Oregon; that, on account of the sale of merchandise as aforesaid, defendant N. Mattison, on March 12, 1909, executed and delivered to plaintiff a promissory note for $579.60, containing the signatures of Martin Franciscovich and Paul Bakotich as sureties, neither of whom being liable on the original obligation, and that the note was executed and delivered in the City of Astoria, Oregon. Upon this agreed state of facts, the court concluded that the execution and delivery of the note in question was a business transaction in the City of Portland, and was doing business by plaintiff within the State of Oregon, and within the inhibition of the laws of Oregon, and for that account plaintiff could recover nothing by its ac-

tion. Accordingly the court entered judgment in favor of defendants.

Error is assigned upon the proposition that the court erred in concluding from the stipulated facts that the execution and delivery of the promissory note was a business transaction within the State of Oregon, and of such a character as to constitute a doing of business by plaintiff within the inhibition of the laws. The conditions imposed by statute on foreign corporations transacting business in this state, as set forth in Chapter 2 of Title 44 of L. O. L., can be epitomized as follows: Every foreign corporation, before transacting business within this state, must file with the Secretary of State a written declaration of its desire and purpose to engage in business within the state, setting forth in full the name under which it proposes to transact business; the location of its home office; the amount of capital stock; the nature of the business in which it is authorized to engage; the name of its attorney in fact, who shall be a resident of the state, upon whom process may be served. In addition thereto, and to other requirements not herein specified, such foreign corporation shall pay to the Secretary of State, for the privilege of doing business within the confines of the state, an annual license fee of $100: Laws 1913, p. 772.

Upon the compliance with the requirements of the statute, the Secretary of State shall issue to the corporation a certificate, which shall be *prima facie* evidence of the legal existence of the corporation and its right to transact business within the state.

We regard the law as settled that the legislatures of the various states have the power to impose conditions upon which corporations chartered beyond the state may do business within its territorial limits. The reason therefor being that the state has the right

to protect its citizens from the fraud and imposition of insolvent corporations organized in other states. From a reading of the statute to which advertence has been made, it is manifest that the legislature adopted the provision as a matter of general policy intended and well calculated to protect the people of the state from loss by foreign companies which are worthless, by requiring that, as a condition precedent to the transaction of the business in the state, they make an exhibit of their condition, and place themselves on a common footing with the other citizens of the state with respect to suing and being sued in the courts. While this salutary legislative policy should be strictly enforced and be departed from only in clear cases, yet, it cannot be pressed to the extent of making void every act done by a foreign corporation within the state. This court held in the case of *Commercial Bank* v. *Sherman,* 28 Or. 573 (43 Pac. 658, 52 Am. St. Rep. 811), that the purchase of a note in this state by a foreign corporation was not transacting business in the state within the prohibition of the statute. The case of *Hirschfeld* v. *McCullagh,* 64 Or. 514 (127 Pac. 545), affords no shelter to plaintiff's position, as in that case the execution of the note was a part only of a larger transaction occurring in Oregon. On that point Mr. Justice BURNETT appropriately says:

"In the light of the authorities noted above, it is our judgment that the incidents delineated in the testimony culminating in the giving of this note constituted the transaction of business within the State of Oregon by the corporation named, and as such is within the inhibition of the statute of this state relating to foreign corporations. Although the acceptance of the offer of the corporation to sell and giving the note in part payment of the purchase price of the property were the last acts of a two years' course of business

transacted in the state, yet they are none the less obnoxious to the statute than the first or any other act of that course.''

We think the statute under consideration has no application to a case where a foreign corporation sends into the state its traveling salesman, who solicits orders for goods and forwards them, subject to approval, to the home office, the orders being afterward filled by shipments to the customer. To apply the statute of this state to the transaction disclosed by the record would have the effect of imposing a restraint upon commerce between the states, which is inhibited by the Federal Constitution: *Hessig-Ellis Drug Co.* v. *Sly,* 83 Kan. 60 (109 Pac. 770, Ann. Cas. 1912A, 551, and note) ; *International Text-Book Co.* v. *Pigg,* 217 U. S. 91 (54 L. Ed. 678, 18 Ann. Cas. 1103, 30 Sup. Ct. Rep. 481, 27 L. R. A. (N. S.) 493) ; *Kirven* v. *Virginia-Carolina Chemical Co.,* 145 Fed. 288 (76 C. C. A. 172, 7 Ann. Cas. 219) ; *Thompson* v. *Greenwood,* 28 Ind. 327; *Bond* v. *Wagner,* 28 Ind. 462; *Gardner* v. *Clark,* 21 N. Y. 401; *Little* v. *Harrington,* 71 Mo. 390; *Ware* v. *Hamilton Brown Shoe Co.,* 92 Ala. 145 (9 South. 136) ; *Rock Island Plow Co.* v. *Peterson,* 93 Minn. 356 (101 N. W. 616) ; 19 Cyc. 1272; *Havens etc. Co.* v. *Diamond,* 93 Ill. App. 557.

It follows from these views that the judgment of the Circuit Court must be reversed, and the cause remanded for such other proceedings as may be deemed advisable, not inconsistent with this opinion.

REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.