## BERTIN & LEPORI *v*. MATTISON.

### (159 Pac. 1167.)

**Appeal and Error—Disposition—Following Mandate of Supreme Court.**

1. Where the mandate of the Supreme Court directs specifically what judgment shall be entered by the lower court, the latter's duty is to follow the direction implicitly; it being, in effect, the judgment of the Supreme Court, which the lower court, after entering, has no authority to set aside, or to grant new trial.

**Appeal and Error—Judgment on Remand.**

2. An appeal does not lie from a judgment entered by the lower court pursuant to the mandate of the Supreme Court, in the absence of suggestion that the judgment and mandate are broader than essential.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.    Statement by MR. JUSTICE McBRIDE.

Action by Bertin & Lepori against N. Mattison, Martin Franciscovich, and Paul Bakotich.    There was verdict for plaintiffs against defendant Franciscovich, whereupon plaintiffs moved for judgment on the verdict against Franciscovich, while the latter moved for a judgment *non obstante* against plaintiffs, which motion was allowed, plaintiffs appealing, the judgment being reversed, and the cause remanded, with directions to enter a judgment for plaintiffs, which was done, defendant Fanciscovich moving for a new trial and appealing from denial thereof.

APPEAL DISMISSED.

*Mr. Marion B. Meacham* and *Mr. C. W. Mullins,* for the motion.

*Mr. George C.* and *Mr. A. C. Fulton, contra.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is a motion to dismiss an appeal. The circumstances are as follows: On June 29, 1912, plaintiffs brought an action to recover from defendants upon a promissory note. By a plea in abatement defendants challenged plaintiffs' right to maintain the action, and prevailed in the lower court, but upon appeal here the judgment was reversed, and the cause remanded to the Circuit Court for further proceedings: *Bertin & Lepori* v. *Mattison,* 69 Or. 470 (139 Pac, 330). Thereafter Franciscovich and Bakotich answered to the merits, and upon a trial before a jury a verdict was returned in favor of plaintiffs and against defendant Franciscovich. Thereupon plaintiffs moved for judgment on the verdict against Franciscovich, defendant Bakotich moved for a judgment for costs against plaintiffs, and defendant Franciscovich moved for a judgment *non obstante* against plaintiffs, which motion was allowed. Plaintiffs appealed to this court, where the judgment was reversed, and the cause remanded to the Circuit Court, with directions to enter a judgment for plaintiffs: *Bertin & Lepori* v. *Mattison,* 80 Or. 354, (157 Pac. 153). Within one day after the judgment upon the mandate was entered defendant Franciscovich moved for a new trial, which being denied, he caused a bill of exceptions to be prepared and signed and brought his appeal to this court.

1, 2. The rule seems to be invariable that, where the mandate of the Supreme Court directs specifically what judgment shall be entered by the lower court, its duty

is to follow that direction implicitly; it being, in effect, the judgment of the Supreme Court: 3 Cyc. 481; 2 R. C. L., p. 33, § 12; 3 C. J. 541, § 378; *Apex Transportation Co.* v. *Garbade,* 32 Or. 582 (52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513); *State* v. *Anthony,* 65 Mo. App. 543. Being in effect the judgment of the Supreme Court, the lower court has no authority after entering such judgment to set it aside or to grant a new trial: *State* v. *Anthony, supra.* An appeal from such judgment would be, in effect, an appeal to this court from its own judgment. It is possible that the judgment and mandate here was broader than was essential, and that upon a showing that defendants desired to question the rulings of the lower court in the admission or rejection of testimony, or for any other reason, the order would have been restricted to directing the lower court to set aside the judgment *non obstante,* and thereafter to take such further proceedings as should seem proper. Such was the mandate in the case of *Fisk* v. *Henarie,* 15 Or. 89 (13 Pac. 760), cited by defendants' counsel, and that very circumstance distinguishes that case from the one at bar. But in this case, as in *Apex Transportation Co.* v. *Garbade,* 32 Or. 582 (52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513), in the absence of such a suggestion, we must hold the judgment conclusive, and not appealable. There is a contention by plaintiffs that defendant Franciscovich should be penalized for a frivolous appeal; but since the amendment of the statute relating to appeals (Laws 1911, p. 152) there has been no case in this court involving this question, and some of the provisions of that amendment furnish at least plausible ground for his contention. While we must resolve the contention against him, we find it far from frivolous.

The appeal is dismissed.        Dismissed.