Argued March 23, affirmed March 30, 1926.

# ALLIGATOR OIL CLOTHING CO. *v.* S. J. BASEEL.

(244 Pac. 661.)

**Corporations—Foreign Corporation, Suing for Merchandise Sold, Need not Affirmatively Allege Compliance With Statute Requiring License and Appointment of One on Whom Service can be had (§ 6908, Or. L.).**

1.  Foreign corporation, bringing suit for merchandise sold, need not affirmatively allege compliance with Section 6908, Or. L., requiring corporation to take out license and appoint attorney-in-fact on whom service can be had in order to sue, but noncompliance must be pleaded by defendant, or will be deemed to have been waived.

**Corporations—Suit by Corporation for Merchandise Sold is not "Transacting Business" in State, Within Meaning of Statute Requiring License to Do so (§ 6908, Or. L.).**

2.  Merely bringing suit for merchandise sold is not "transacting business" by foreign corporation, within meaning of Section 6908, Or. L., requiring license to transact business before being permitted to sue in state.

---

Corporations, 14A C. J., p. 1278, n. 29, p. 1363, n. 92.

From Douglas: JAMES W. HAMILTON. Judge.

Department 2.

This was an action to recover for merchandise sold to defendant. It was alleged in the complaint that the plaintiff is a corporation, duly organized, incorporated and existing under and by virtue of the laws of the State 'of Missouri; that at St. Louis, in said state, on the fifteenth day of October, 1920, plaintiff sold and delivered to defendant goods, wares and merchandise of the reasonable value of $196.40; and that he has not paid the same or any part thereof. This was followed by a demand for judgment. The

---

1.  See 12 R. C. L. 101.
2.  See 12 R. C. L. 71.

defendant appeared and demurred to the complaint upon the following grounds: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the court has no jurisdiction of the subject of the action; and, third, that the plaintiff has no legal capacity to sue. The demurrer was overruled and the defendant, declining to plead further, stood upon his demurrer. Thereupon, judgment was rendered against him, in accordance with the prayer of the complaint, from which judgment he appeals.                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. O. S. Brown.*

For respondent there was a brief over the name of *Messrs. Wimberly & Cordon,* with an oral argument by *Mr. Carl E. Wimberly.*

McBRIDE, C. J.—1, 2. The sole question arising on this appeal is the capacity of the plaintiff to bring this suit; it being assumed by the defendant that it was the duty of the plaintiff to show affirmatively that it had complied with Section 6908, Or. L., which requires foreign corporations transacting business within this state to take out a license, and appoint an attorney-in-fact upon whom service can be had, before it can maintain an action or proceeding in our court. It has been held by this court that the complaint need not show a compliance with the section of the statute above referred to, but that if defendant wishes to avail himself of noncompliance as a defense, he must do so by a plea in abatement. This has not been done in this case, and the defense, even if it existed, must be deemed to have been waived. In

addition to this, it does not appear anywhere in the record that the defendant is transacting business in this state, or ever has transacted business in this state. It does appear that the contract sued upon here was made and entered into and the goods delivered in the State of Missouri, and that all the plaintiff has done, so far as appears from the complaint, is to sue in our court for the price of the goods. This is not "transacting business" within the meaning of the statute, and it never was the intent of the legislature that a foreign corporation should buy a license and have a registered attorney in this state merely for the purpose of collecting a bill. The absurdity can at once be seen by supposing a case. For instance, if one purchased a bill of goods amounting to $25 from a corporation in the State of Missouri, and then moved to the State of Oregon, under appellant's construction, the corporation selling the goods would have to get a license to transact business in the State of Oregon, and pay a fee of $100 in order to collect its bill. The legislature never intended any such absurdity. This position is borne out by our own decisions: *Bertin & Lepori* v. *Mattison et al.*, 69 Or. 470 (139 Pac. 330), and *Major Creek Lumber Co.* v. *Johnson*, 99 Or. 172 (195 Pac. 177).

The judgment of the lower court is affirmed.

AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.