No. 27,329.

The Columbia Weighing Machine Company, *Appellant*, v. W. Lee Vaughan, *Appellee*.

SYLLABUS BY THE COURT.

1. SALES—*Mutual Assent—Shipment as Acceptance of Offer to Purchase.* A written offer to the manufacturer or dealer for the purchase of a weighing machine, which provides for the immediate delivery of the machine, stating the price and terms of payment, made upon the understanding or condition that the seller will furnish mechanical parts required for five years without charge, is accepted by the shipment of the machine.

2. SAME—*Acceptance of Offer—Conditions Binding.* Such an offer, when accepted, becomes a contract between the parties, the terms, conditions and provisions of which are binding upon the parties.

3. SAME—*Acceptance of Written Order.* A written order for the purchase of machinery may be accepted by an act which clearly evinces an intention to accept.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed May 7, 1927. Reversed.

*George W. Littick*, of Kansas City, for the appellant.

*E. S. McAnany, M. L. Alden* and *Thomas M. Van Cleave*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for goods sold on a written contract. It was tried to the court. A demurrer was sustained to plaintiff's evidence. Judgment was rendered for defendant and plaintiff has appealed.

The contract is in the form of an order signed by the defendant, and, so far as here material, reads as follows:

"You may ship us one Columbia Mirror weighing machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within thirty days from date of arrival of the machine; instead of paying the purchase price. Return shipment to be made to above address by freight

Sales, 35 Cyc. pp. 52 n. 40, 53 n. 42, 55 n. 53; 19 A. L. R. 476, 29 A. L. R. 1352; 23 R. C. L. 1285.

Columbia Weighing Machine Co. v. Vaughan.

only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof namely one hundred and fifty dollars, as follows: fifteen dollars per month, until paid; first payment to be made within forty days from date of arrival of the machine. . . . . . It is understood you are to supply us with any mechanical parts required for the machine for a period of five years without charge. Whenever we may want a part, we are to inform you by registered mail. . . . All orders are subject to acceptance of the company."

It was shown, and conceded, no letter was written accepting the order, but that plaintiff shipped the weighing machine, freight prepaid, to defendant promptly on receipt of the order, and that defendant received the machine from the railway company at Kansas City and took it to his place of business and had possession of it about four months before this action was brought, and that defendant did not, within the thirty days mentioned in the order, or at any time, return or offer to return the same to plaintiff, and that he has paid nothing on the purchase price.

The sole question before us is whether the order for the machine was accepted by plaintiff, so as to become a binding contract between the parties. The trial court held it had not been so accepted. This ruling was erroneous.

Defendant argues that there is a radical distinction in regard to communications, between offers which ask that the offeree *do* something and offers which ask that the offeree *promise* something, and that in offers of the former kind communication of the acceptance is ordinarily not required, while in offers of the latter kind communication of the acceptance is always essential, citing 13 C. J. 284. The cases cited in support of the text are not offers of the kind we have before us. There may very well be an offer of a promise to do, the acceptance of which does not require, or contemplate, immediate action, but only a promise of future action. Such an offer could be accepted only by the offerer making the promise, since no immediate action is required of him. But this is not the case before us. Here defendant offered to buy a machine, not at some time in the future, but to make a present purchase—with the understanding, which means upon the conditions, stated in the order and to pay therefor the sum named in payments and at the times stated in the order. Plaintiff, by shipping the machine, accepted the offer, and thereby the offer became a contract, the terms and conditions of which became binding on both parties. But defendant argues, this

did not obligate plaintiff to furnish necessary parts for five years free of charge. This argument is not sound. The order was not divisible in this respect. When plaintiff accepted the offer it was accepted in its entirety. It could be accepted in no other way. Both parties became bound by all of its conditions and provisions.

In *Case Threshing Machine Co. v. Donalson,* 10 Ga. App. 428, the defendant had signed a written order for the purchase of machinery. It specifically provided that the order must be signed by all parties before delivery of goods, and that it was taken subject to approval and to be sent to the company for acceptance or rejection. It contained warranties as to the kind and character of the machinery and other mutual terms and conditions. The order was not signed by the seller, nor was there any written acceptance of it. The goods were shipped in accordance with the proposals of the order. In the opinion it was said:

"It is insisted that the plaintiff was not bound by the express warranties unless the contract was actually signed by it. We do not concur in this view. When the plaintiff performed the contract according to its terms, this was an acceptance, and it followed that the plaintiff was thereupon bound by all the warranties, terms, and conditions contained in the contract, just as the defendant was also bound." (p. 431.)

To the same effect are *Kingman & Co. v. Watson,* 97 Wis. 596; *Aultman, Miller & Co. v. Nilson,* 112 Ia. 634; *Pratt-Gilbert Co. v. Renaud,* 25 Ariz. 79; *Wood & Brooks Co. v. Lumber Co.,* 89 W. Va. 245; *Nichols & Shepard Co. v. Horstad et al.,* 21 S. D. 80.

In *Ziehme v. Parish,* 74 Kan. 542, 87 Pac. 685, the written order for a quantity of jewelry included a warranty and a provision by which the sellers agreed that any jewelry purchased of them which did not sell readily might be exchanged, within one year, for new styles and patterns of any jewelry in their stock. It was held that the order constituted a contract of purchase and sale when it was accepted by the wholesale dealer by shipping the goods in accordance with the order. To the same effect is *Hessig v. Sly,* 83 Kan. 60, 109 Pac. 770.

The contract consists of the offer and its acceptance. The acceptance may be shown by any act or conduct clearly evincing an intention to accept the offer made. (35 Cyc. 62.) The delivery of the merchandise ordered clearly evinces the intention to accept. In *Maine v. Howell,* 7 Ga. App. 311, it was said: "This was the very highest form of acceptance."

The judgment of the court below will be reversed with directions to enter judgment for plaintiff for the purchase price of the machine, with interest, as provided in the contract.