COLUMBIA WEIGHING MACHINE CO., INC., Plaintiff, *v.* GEORGE M. KLECKNER, Defendant.

Supreme Court, Bronx County, November 4, 1927.

Sales — option to return — defendant purchased weighing machine under contract giving buyer thirty days within which to return it " with or without reason "— retention of defective machine after option period constitutes acceptance in law — implied warranty, if any, did not survive acceptance — defense of breach of implied warranty not available to defendant — plaintiff entitled to summary judgment under Rules of Civil Practice, rule 113.

This is an action for the purchase price of a weighing machine sold defendant under a contract giving him an option to return the machine within thirty

days, "with or without reason." Defendant found the machine defective upon arrival and wrote the plaintiff, advising it of the defects, but he did not return the machine within the thirty-day period.

The retention of the machine after the option period constituted an acceptance in law, and any implied warranty as to the machine did not survive its acceptance by the defendant, and, consequently, the defense of breach of implied warranty is not available to the defendant and plaintiff is entitled to summary judgment under rule 113 of the Rules of Civil Practice.

Motion by plaintiff, under rule 113 of the Rules of Civil Practice, to strike out answer, and for summary judgment.

*Benj. Abraham*, for the plaintiff.

*Alex Sidney Rosenthal*, for the defendant.

Hatting, J. The defendant purchased of the plaintiff a penny slot personal weighing machine under a contract, dated June 6, 1927, in the following form:

" Date, June 6, 1927. Price, $180. Freight paid. The Columbia Weighing Machine Company, Inc., 634–644 Whitlock Avenue, New York City. Payable $15 monthly. You may ship us one Columbia weighing machine, freight paid. It is sold to us with the understanding that we may return it to you with or without reason at any time within 30 days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within 30 days from date of its arrival, we will pay you the purchase price thereof, namely, $180, as follows: Fifteen dollars per month, until paid; first payment to be made within 40 days from date of arrival of the machine. Should any of our payments be in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney fees amounting to 20 per cent of the sum in default, if collection is made by law. It is understood you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail. Firm name, —————. Signed by George M. Kleckner (member of firm or officer). Town and state, New City, N. Y. Mail address, Main St. Bank reference, —————. Six per cent. may be deducted if the entire purchase price is paid within 40 days from date of arrival. No verbal agreement will be recognized. All orders are subject to acceptance by the company, at its home office at New York City."

Delivery of the machine was made to the defendant on June 14, 1927. Upon arrival machine was uncrated by defendant, examined and found defective in the following particulars: The coin cup was

broken and the machine was otherwise inherently defective, so that the coin, when inserted in the slot, fell through the coin cup and did not register weight.   The machine was thereupon recrated, and on June 20, 1927, a letter was written to the plaintiff, advising plaintiff of the defects, and advising further that the machine was being held subject to plaintiff's order, unless plaintiff repaired the same.   Under this notice defendant had permitted the machine to remain in his possession.   Meanwhile, on July 24, 1927, an installment of the purchase price became due and was unpaid. The plaintiff thereupon elected to declare the unpaid balance of the purchase price due, and brought this action upon the agreement of purchase.

The plaintiff pleads the usual complaint in goods sold and delivered.   The defendant, by not denying, admits the agreement; the delivery on June 14, 1927; that the goods were not shipped back within thirty days; that they were accepted by the defendant; that an installment of fifteen dollars became due and payable on July 24, 1927; that no part has been paid; that the plaintiff has elected to declare the entire purchase price of $180 due and payable; and that there also became due and payable from the defendant the additional sum of $36 as attorney's fees.   The defendant by his answer denies only the legal conclusions that there is due and owing from the defendant $216 and interest, and that the plaintiff has performed all the terms of the agreement on its part to be performed.   The defendant then interposes by way of an affirmative defense: " That the plaintiff warranted and represented that the machine mentioned in plaintiff's complaint would weigh accurately and serve the purpose for which defendant intended to use it; that the defendant relied upon the said warranty and representations, and upon the plaintiff's skill and judgment, and entered into and signed and delivered said contract as the same is set forth in the complaint, relying upon said warranty and representations; that the machine as delivered was not as the plaintiff had warranted and represented that it would be; that the said machine was broken and did not weigh correctly, and in general did not function and was inherently defective, and would not serve the purpose for which the plaintiff knew the defendant intended to use it; and that the defendant notified the plaintiff of said condition of the machine and wrote the plaintiff that the said machine was being held subject to plaintiff's order."

Plaintiff thereupon brings this motion under rule 113 of the Rules of Civil Practice, to strike out the answer and for summary judgment.   The problem presented is the construction and legal effect of that portion of the agreement which provides: " It is sold

to us with the understanding that we may return it to you with or without reason at any time within 30 days from the date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to the above address by freight only; freight charges collect," etc.

The contract is one " on sale or return " and the property passed to the buyer on delivery. Section 100, rule 3, of the Personal Property Law, applies to this situation. It provides:

" Rules for Ascertaining Intention. Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. *   *   *

" Rule 3. 1. When goods are delivered to the buyer ' on sale or return,' or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller, by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time."

It became the duty of the buyer upon the discovery of the defects and within the period of thirty days after its receipt to return the machine to the plaintiff if he desired to avail himself of the option. Here, although the goods were found defective upon the delivery, and notwithstanding the option, the defendant failed to return the goods during the period of option. It cannot be said that any implied warranty, if such in fact existed, survived the acceptance of the machine. The defendant admits the acceptance and it seems that his retention of the machine after the thirty-day option and with knowledge of its defects constitutes an acceptance in law independent of the admission. Professor Williston, in section 271, page 546, of the second edition of his Law on Sales, states: " Frequently the bargain of the parties will fix the time within which the buyer must return the goods. If he fails to exercise the right thus given him, his title cannot thereafter be avoided."

Here, the property in the machine having passed to the defendant upon its delivery, it remained in the defendant until the return thereof, and not having been returned, is presumed to remain there still. Performance of the agreement by the plaintiff was completed upon the delivery of the machine and the warranty, if any, relied upon by the defendant, did not survive the period of option. A somewhat similar situation is treated with in *Cronk & Carrier Mfg. Co.* v. *Galbraith Milling Co.* (197 App. Div. 568), which cites with approval *Greacen* v. *Poehlman* (191 N. Y. 493,

497): "The contract in this case belongs to a class of contracts often called 'contracts of sale or return,' being upon a condition that the buyer may return the goods within a fixed or reasonable time at his option.   It has been held that goods so sold pass to the purchaser, subject to the option in him to return them, and that if he fails to exercise the option within the proper time the price of the goods may be recovered as upon an absolute sale."

It must be apparent, therefore, that the defense of the breach of an implied warranty is not available to the defendant in this action.   The motion for summary judgment under rule 113 will be granted in favor of the plaintiff.   Settle order on notice.