COLUMBIA WEIGHING MACHINE COMPANY, INC., Plaintiff, *v.* JOHN C. HANSEN, Defendant.

Supreme Court, Bronx County, February 22, 1928.

Sales — action to recover purchase price of weighing machine sold on contract, providing that in event of default entire purchase price would become due — defendant defaulted and sets up plaintiff's failure to repair machine as defense — claim is made salesman represented repairs would be made — contract makes no provision for repairs and expressly limits authority of agent to contents of agreement — defense raises no issue and plaintiff is entitled to summary judgment.

This is an action to recover the purchase price of a weighing machine sold on a contract providing that in the event of default in the installment payments the entire purchase price would become due. Defendant defaulted, and by way of defense to plaintiff's complaint, which set up the contract of sale, alleged that plaintiff's salesman represented that plaintiff would keep the machine in repair, and relying upon said representation defendant purchased the machine, but on finding it weighed inaccurately requested plaintiff to make repairs, which plaintiff refused to do. Since the contract contained no provision as to repairs and expressly limited the extent of the salesman's authority to the contents of the agreement, the defense raises no issue and plaintiff is entitled to summary judgment.

MOTION by plaintiff to strike out the answer and for summary judgment, on the ground that no issue and no defense as a matter of law were raised by the answer.

Pertinent allegations of plaintiff's complaint are as follows:

" *Second.* That heretofore, and on or about August 10, 1927, plaintiff and defendant entered into an agreement in writing, a copy of which is hereto annexed, made part hereof, and marked Exhibit A.

" *Third.* That pursuant to the terms of Exhibit A plaintiff duly shipped from its said office, on or about August 15, 1927, to

defendant at Port Chester, N. Y., one Columbia weighing machine, freight paid.

"*Four h.* That said machine duly arrived at Port Chester, N. Y., on August 17, 1927, and was not shipped back to plaintiff within 30 days from said date of arrival, and said machine was accepted by defendant.

"*Fifth.* That pursuant to the terms of Exhibit A a monthly payment of $15 became due and payable on September 27, 1927, that no part thereof has been paid, although duly demanded, and that plaintiff has elected to declare the entire sum of $180, the purchase price of the machine, to be due and payable, and that no part thereof has been paid, although duly demanded.

"*Sixth.* That pursuant to the terms of Exhibit A there also became due and payable from defendant the additional sum of $36 as attorney's fees herein.

"*Seventh.* That there is now due and owing plaintiff from defendant the sum of $216, with interest from August 17, 1927, no part of which has been paid, although duly demanded.

"*Eighth.* That plaintiff has duly performed all the terms and conditions in said agreement on its part to be performed."

The contract designated Exhibit A provides:

"You may ship us one Columbia weighing machine, freight paid. It is sold to us with the understanding that we may return it to you, with or without reason, at any time within 30 days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within 30 days from date of its arrival, we will pay you the purchase price thereof, namely, $180, as follows: $15 per month, until paid; first payment to be made within 40 days from date of arrival of the machine. Six per cent may be deducted, if the entire purchase price is paid within 40 days from date of arrival.

"Should any of our payments be in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney fees, amounting to 20 per cent of the sum in default, if collection is made by law. It is understood you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail.

"This order is subject to acceptance by the company, at its home office in New York City, which it is agreed shall become the place of contract; the extent of the authority of the salesman is limited to the contents of this agreement."

Defendant's answer, after denying allegations in paragraphs 7

Appellate Term, First Department, February, 1924.    [Vol. 131

and 8 of the complaint, for a first, separate and distinct defense alleges: " That at the time of the signing of the agreement herein, marked Exhibit A, annexed to the complaint, the plaintiff's salesman represented to this defendant that the plaintiff would keep the weighing machine herein in repair, and make all necessary adjustments for an indefinite period of time; that, relying on said representations, this defendant signed the agreement Exhibit A; that the said machine does not weigh accurately, and needs repairs and adjustments; and that prior to the commencement of this action the defendant notified the plaintiff thereof, and asked it to repair the said machine and make the necessary adjustments thereon, but that the plaintiff has failed to do so."

For a second separate and distinct defense defendant alleges: " III. That at the time of making the agreement, Exhibit A herein, the plaintiff's salesman warranted and represented to the defendant that the machine could be returned at any time it was discovered not to be giving satisfactory service, and that the defendant might keep the machine longer than 30 days, or as long as it might be necessary, to give it a thorough test or trial; that prior to the commencement of this action the defendant wrote the plaintiff that the machine was not giving satisfactory service, and was held by the defendant at the plaintiff's risk and subject to its disposition."

*Benjamin Abraham,* for the plaintiff.

*Frederick & Jerome Weiss,* for the defendant.

McCOOK, J. Motion is in all respects granted. There is no provision in the agreement requiring plaintiff to make repairs, and the agreement expressly limits the extent of the salesman's authority to the contents of the agreement. Therefore, the alleged defenses in the answer raise no issues herein.

Settle order.