(121 So. 392)

### COLUMBIA WEIGHING MACH. CO. v. SEVIER–WEBB DRUG CO.
### (6 Div. 317.)

Supreme Court of Alabama.   March 28, 1929.

Charles W. Greer, of Birmingham, for appellee.

ANDERSON, C. J. ■■ The defendant's pleas 3 and 4 are bad, and the trial court erred in not sustaining the plaintiff's demurrer thereto. The fact that the plaintiff may have directed the defendant to make the payments only to a local bank and when demanded by said bank was no excuse for a failure to pay when the demand by this suit was made. In other words, the failure of the bank to demand and collect the respective installments did not satisfy or cancel the debt or permit the defendant to defeat the recovery for same. The facts set up in these pleas, if accompanied by a tender, might affect the court cost or the right of the plaintiff, under the contract, to declare all the installments due, but they set up no defense whatever to so much of the demand as was past due when the suit was brought. We also think that the second ground of the demurrer went to the substance of the plea and was sufficiently specific. The pleas set up no defense by way of traverse or confession and avoidance, and we do not see how it could have been more specifically tested except to require the plaintiff, in the demurrer, to formulate a defense for the defendant.

■■ The contract set out or referred to in counts 1 and 2 of the complaint belong to the class of contracts often called "contracts of sale or return." It gives the right to retain the machine for 30 days after the receipt of same and to return the same within said 30 days if not satisfied with same. This, of course, gives the buyer the right to rescind in 30 days, but cuts off his right to do so after the expiration of said 30 days. Likewise the retention of the machine for 30 days was a conclusive admission of the truth of all war-

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

ranties made by the seller and would annul the same, express or implied. Taylor v. Yates Machine Co., 208 Ala. 528, 94 So. 588. To like effect is the holding of the New York Court in dealing with a similar contract setting up similar defenses. Columbia Weighing Machine Co. v. Kleckner, 130 Misc. Rep. 861, 225 N. Y. S. 167. See, also, Columbia Weighing Machine Co. v. Hansen, 131 Misc. Rep. 770, 227 N. Y. S. 324; Columbia Weighing Machine Co. v. Vaughan, 123 Kan. 474, 255 P. 973. The trial court also erred in not sustaining the plaintiff's demurrer to pleas 5 and 6.

The judgment of the circuit court is reversed, the judgment of nonsuit set aside, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.